(1) William COUCHIGIAN, Gaylan Olson, David Feller, Walter Skowronek, Richard Mikkelson, Gerald Galbraith, Richard Cooksley, Roger Larson, Paul Flurer, Earl Moe, Donald Mollerud, and O. H. Pederson, as trustees of the Dakota's and Western Minnesota Electrical Industry Health and Welfare Fund;

(2) & (3) Leon Comeau, Ed Kaseman, Richard Cooksley, Dan Adamson, O. H. Pederson, David Tanberg, Earl Moe, Don Mollerud, Gay Fougner, William Couchigian, Gerald Galbraith, Leslie Anseth, David Feller, Gay Olson, Richard Mikkelson, and Walt Skowronek, as trustees for (2) the Dakotas Area Electrical Apprenticeship and Training Fund Trust and (3) Dakotas Area Electrical Educational Fund, Inc., a non-profit corporation;

(4) Dakotas Employees Benefit Board # 101 and J. P. Schubloom, secretary-treasurer thereof, as local administrators of and agents for the trustees of the National Electrical Benefit Fund of the National Employees Benefit Board for the Electrical Contracting Industry;

(5) Roger Larson, O. H. Pederson, Earl Moe, Walt Skowronek, William Couchigian, and Gerald Galbraith, as trustees of the Dakotas Areawide IBEW–NECA Vacation and Holiday Trust Fund;

(6) Dakotas Chapter, National Electrical Contractors Association, as agent and administrator of the Consolidated Receiving Fund of the above-named five trust funds; Plaintiffs,

v.

John RICK and Gerald Rick, Individually and d/b/a Rick's Electric Construction Company, and Twin City Electric Company and Rick's Electric Company, a corporation, and Twin City Electric Company, a corporation, Defendants.

Civ. No. 6–78–182.

United States District Court,
D. Minnesota,
Sixth Division.

March 19, 1980.

Richard L. Pemberton, Rufer, Hefte, Pemberton, Schulze, Sorlie & Sefkow, Fergus Falls, Minn., for plaintiffs.

John P. O'Donnell, St. Paul, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This suit is brought by trustees of pension funds seeking to recover contributions allegedly owed by an employer for the

time period of 1971–1979. Plaintiffs allege jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and under the Employees Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.[1]

Defendants bring this motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)6, Fed.R.Civ.P., arguing that section 9(b) of the National Labor Relations Act, 29 U.S.C. § 159(b), vests exclusive jurisdiction over the subject matter of this suit in the National Labor Relations Board. Defendants' motion to dismiss is GRANTED.

Defendants John and Gerald Rick own and operate Rick's Electric Company and Twin City Electric Company. Rick's Electric is a union company, its employees are represented by the Electrical Worker's Union, Local 1426 (Union). That company bids only on union jobs. Twin City Electric was a non-union company which bids on non-union jobs.[2] Pursuant to the terms of the collective bargaining agreement between Rick's Electric and the union, various pension trusts were established. The employer is required to pay a specific amount per man hour into the various trusts.

In 1978 Couchigian, as business manager of the union, filed an unfair labor practice charge with the National Labor Relations Board (Board). The substance of the charge was that Rick's Electric and Twin City Electric constituted a single employer and therefore Twin City Electric was subject to the collective bargaining agreement entered into between Rick's Electric and the union. The Board, without deciding that issue, refused to issue a complaint because the charge was not timely filed. The Board's decision was affirmed by the Office of Appeals, no appeal was taken to the Circuit Court of Appeals.

Plaintiffs, who are trustees of the pension trust funds, then filed this action. Though the complaint is couched in terms of a contract action seeking contributions to the trusts allegedly owed by Twin City Electric, the substance of the complaint is that Rick's Electric and Twin City Electric are a single employer, constituting an appropriate bargaining unit, and therefore Twin City Electric is subject to the terms of the collective bargaining agreement.

The narrow issue in this case is whether Section 9(b) of the National Labor Relations Act, (NLRA) 29 U.S.C. § 159(b), ousts the federal court of jurisdiction, where the sole point of contention is whether two employers constitute an appropriate bargaining unit.

■ Section 9(b) of the NLRA, 29 U.S.C. § 159(b) provides, *inter alia,*

[t]he Board shall decide in each case whether . . . the unit appropriate for the purposes of collective bargaining shall be the employer unit, the craft unit, plant unit or subdivision thereof . . . .

It is well established that section 9(b) vests in the Board the exclusive jurisdiction to determine the appropriate bargaining unit. *West Point-Pepperell v. Textile Workers Union of America, AFL–CIO, CLC,* 559 F.2d 304 (5th Cir. 1977); *Confederated Independent Unions v. Rockwell-Standard Co.,* 465 F.2d 1137, 1140 (3d Cir. 1972), and that unless the Board has acted without authority, *McCulloch v. Sociedad Nacional de Marineros de Hondurous,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the district court lacks jurisdiction to either determine the appropriate bargaining unit or to review the Board's determination thereof. *Confederated Independent Unions, supra.* Whether or not

1. The jurisdictional issue was raised earlier by plaintiffs in a motion for summary judgment. Defendants stipulated to jurisdiction at that time but now raise the jurisdictional issue. It is well established that federal courts are courts of limited jurisdiction and that parties cannot confer jurisdiction by consent. *Peoples' Bank v. Calhoun,* 102 U.S. 256, 26 L.Ed. 101

(1880) 13 Wright, Miller & Cooper, Federal Practice & Procedure § 3522 at 46 (1975).

2. In 1976 Twin City Electric entered into a collective bargaining agreement with United Construction Workers Local No. 84, affiliated with the Christian Labor Association of the United States.

two employers constitute an appropriate bargaining unit is a factual question within the exclusive jurisdiction of the Board. *South Prairie Construction Co. v. Local No. 622, International Union of Operating Engineers, AFL–CIO,* 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976); *McCulloch, supra.*

On the other hand, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 vests jurisdiction in the federal courts over

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . .

The outcome of this case therefore turns on which of the jurisdictional provisions, section 9(b) of the National Labor Relations Act or section 301 of the Labor Management Relations Act, is deemed controlling.

■ It is clear that federal courts have jurisdiction over disputes arising out of collective bargaining agreements under section 301 of the LMRA even though the dispute constitutes an unfair labor practice within the exclusive jurisdiction of the Board. *See e. g. Carey v. Westinghouse Electric Corporation No. 21,* 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964) (state court had jurisdiction to compel arbitration over a jurisdictional dispute between two unions, even though controversy presented representation matter for the Board); *Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) (court had jurisdiction under § 301 over suit by employee for backpay even though action also constituted unfair labor practice within exclusive jurisdiction of Board); and *General Warehousemen and Helpers Local 767 v. Standard Brands, Inc.,* 560 F.2d 700 (5th Cir. 1977) *cert. dismissed* 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (district court had jurisdiction under § 301 to enforce arbitrator's award even though it would require review of Board's bargaining unit determination). However, the above cases, unlike this case, involved interpretations of existing bargaining agreements.

■ In this case, the very existence of the collective bargaining agreement with respect to the Twin City Electric employees is at issue. Plaintiffs attempt here is simply a sub rosa attempt to gain defacto recognition of the Electrical Workers Union as the bargaining agent for the Twin City Electric employees. Having lost that issue before the Board plaintiffs now seek a second forum and do so by simply recasting the dispute in terms of a contract action. To accept plaintiff's argument would render section 9(b) of the National Labor Relations Act meaningless, for every dispute concerning the appropriate bargaining unit could be recast in terms of a breach of an "alleged" bargaining agreement. The district court does not have jurisdiction in such a case merely because the complaint is cast under section 301 of the Labor Management Relations Act. *See, e. g., West Point-Pepperell, Inc. v. Textile Workers Union of America,* 559 F.2d 304 (5th Cir. 1977). The court does not here attempt to delineate the boundaries between section 9(b) of the NLRA and section 301 of the LMRA. The court holds only that where, as here, the existence of a collective bargaining agreement is at issue, and that issue rests solely upon a factual determination concerning the appropriate bargaining unit, that section 9(b) of the NLRA is controlling, thereby vesting exclusive jurisdiction in the Board.

Plaintiffs' contend that since this is a suit for collection of pension funds, the court does not make the bargaining unit determination for purposes of collective bargaining, and is therefore not within section 9(b). That argument lacks merit. It begs reason and logic to assume that the collective bargaining agreement could be applicable to the Twin City Electric employees for purposes of the pension plan benefits, but not for purposes of all other rights, obligations and duties set forth in the collective bargaining agreement. The fact that the current collective bargaining agreement will expire on June 30, 1979 is no answer, for if the court determines that Rick's Electric and Twin City Electric are an appropriate

bargaining unit, future negotiations will have to be conducted in accordance with that determination.

■ Plaintiffs' claim of jurisdiction under ERISA must fail for the same reasons.[3] Plaintiffs' claim for contributions to the pension funds is based on an alleged bargaining agreement between Twin City Electric and the union. Determination of that issue would require the court to determine the appropriate bargaining unit. Plaintiffs' argue that because trustees lack standing, under section 9 of the NLRA, to petition the Board for a bargaining unit determination, their only recourse is under section 301 of the LMRA. Plaintiffs conclude that if the court declines to accept jurisdiction, the trustees would be denied their only cause of action. The argument is not persuasive. The trustees' action for the recovery of pension funds is solely for the benefit of the employees of Twin City Electric. The employees have standing to petition the Board for a bargaining unit determination, 29 U.S.C. § 159(c), and also have standing to sue for the recovery of pension funds under section 301 of the LMRA. *Rehmar v. Smith*, 555 F.2d 1362 (9th Cir. 1976). Declining to accept jurisdiction does not, therefore, deny the employees of rights under ERISA.

This suit is dismissed for lack of jurisdiction.

---

**3.** Though the complaint does not allege jurisdiction under ERISA, plaintiffs did argue it to the court. For purposes of this motion, to permit review on appeal, the court treats the complaint as though it were amended accordingly. *Henry v. Coahoma County Board of Education*, 246 F.Supp. 517 (N.D.Miss.1963) *aff'd* 353 F.2d 648 (5th Cir. 1965).