OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL, UNION,
AFL–CIO, et al., Plaintiffs,

v.

STANDARD OIL COMPANY OF
INDIANA and Amoco Production
Company, Defendants.

No. 81 C 6342.

United States District Court,
N. D. Illinois, E. D.

Dec. 3, 1981.

Barbara J. Hillman, Cornfield & Feld-man, Chicago, Ill., John R. Tadlock, Denver, Colo., for plaintiffs.

Robert M. O'Connell, Mayer, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action was instituted by the plaintiffs, Oil, Chemical and Atomic Workers International Union ("OCAW"), AFL–CIO and OCAW Local 4–100 (hereinafter "Union") against the defendants, Standard Oil Company of Indiana and Amoco Production Company (hereinafter "Company") seeking to enforce the terms of a collective bargaining agreement entered into by and between the Company and OCAW Local 4–14. It is the Union's position that it is the successor to Local 4–14 as a result of the July 1, 1980, merger of six OCAW locals, including Local 4–14, into the new Local 4–100. The Union alleges that, effective October 12, 1981, the Company repudiated the collective bargaining agreement and withdrew recognition of the Union as bargaining agent for the employees covered by the agreement. In place of the collective bargaining agreement, the employer unilaterally instituted a set of "operating policies" to govern wages, hours, and other conditions of employment.

On November 17, 1981, the Union moved this Court for a temporary restraining order asking that the Company be required to provide employees with access to and the right to representation by the Union in connection with disputes or grievances with the Company. On the same date, the Company filed a motion to dismiss the Union's complaint. The Court entered and continued the Union's motion for a temporary restraining order pending its ruling on the Company's motion to dismiss. Hence, this matter is now before the Court on the Company's motion to dismiss.

The Company argues that this cause should be dismissed both for lack of subject matter jurisdiction and for improper venue.[1] The former ground is based on the Company's contention that this cause involves an issue of representation, namely, the determination of whether Local 4–100 succeeds to the rights of Local 4–14 under the collective bargaining agreement, which issue is committed to the exclusive jurisdiction National Labor Relations Board (NLRB). For the reasons stated herein, we agree.

Section 9(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(b) vests in the NLRB exclusive jurisdiction to determine questions of representation in the context of collective bargaining. *E.g., West Point-Pepperell v. Textile Workers Union of America*, 559 F.2d 304, 307 (5th Cir. 1977); *Gordon v. Laborers' International Union of America*, 490 F.2d 133, 138 (10th Cir. 1973), *cert. denied*, 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974). Yet, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 vests in the federal district courts jurisdiction over suits for violation of contracts between employers and labor organizations representing employees in industries affecting commerce. Therefore, for purposes of determining jurisdiction, the question is whether this action should be characterized as one for breach of contract or as one involving the question of representation.[2] The correct determination in our view is that the latter characterization is the proper one.

Where the very existence of a collective bargaining agreement depends on the resolution of a representation question, the jurisdiction of the NLRB under § 9 of the NLRA must take precedence over the jurisdiction of this Court under § 301 of the LMRA. *Couchigian v. Rick*, 489 F.Supp. 54, 57 (D.Minn.1980). In fact, the issue of union successorship, which forms the basis of the representation question in the instant suit, is one which the courts have held to be within the exclusive jurisdiction of the NLRB, *West Point-Pepperell v. Textile Workers Union of America*, 559 F.2d 304, 307 (5th Cir. 1977); *Local 25 v. Carrollton Motor Inn*, 96 LRRM 2549, 2552 (D.D.C. 1977), or at the very least, is a matter which justifies great deference to the NLRB for making the initial determinations. *International Woodworkers v. Ketchikan Pulp*, 611 F.2d 1295, 1299 (9th Cir. 1980).

Accordingly, the Company's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is granted.[3] It is so ordered.

1. In its reply memorandum, the company also argues that this Court should refrain from exercising jurisdiction to avoid interfering in the determination of the union successorship problem now before the Court of Appeals for the Fifth Circuit, *see Amoco Production Co. v. NLRB*, 613 F.2d 107 (5th Cir. 1980). Because of this Court's conclusion on the other grounds raised by the employer's motion to dismiss, it is unnecessary to address this contention.

2. The Union is correct in its argument that the characterization of a dispute as involving a question committed to NLRB determination does not necessarily prevent the federal courts from exercising jurisdiction over a suit based on such a dispute. It is well settled, for example, that under § 301 of the LMRA, a dispute which involves an alleged unfair labor practice within the province of the NLRB, may nonetheless justify the invocation of federal court jurisdiction where that dispute arises out of a collective bargaining agreement. *Smith v. Evening News Association*, 371 U.S. 195, 197–98, 83 S.Ct. 267, 268–69, 9 L.Ed.2d 246 (1962);

*William E. Arnold Co. v. Carpenters District Council*, 417 U.S. 12, 15–17, 94 S.Ct. 2069, 2072–73, 40 L.Ed.2d 620 (1974). And this Court recently reaffirmed the desirability of allowing arbitration to be compelled via § 301 suits even where representational issues within the competence of the NLRB are involved. *International Brotherhood of Electrical Workers, Local 134, AFL–CIO v. Chicago Zone of the Marketing Operations of the General Electric Company*, No. 81 C 1671 (N.D.Ill., Nov. 10, 1981) (Aspen, J.); *see Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 268, 84 S.Ct. 401, 407, 11 L.Ed.2d 320 (1964).

3. The Company has also moved to dismiss for improper venue, Fed.R.Civ.P. 12(b)(3). Sec. 301(c) of the LMRA, 29 U.S.C. § 185(c) provides that suits under § 301 can be brought only in the district in which a labor organization has its principal offices or where its authorized agents or officers are engaged in representing or are acting for employee members. Nothing in the complaint or memorandum filed by the Union indicates that this venue require-

ment is satisfied in the instant suit. Thus, this Court's order of dismissal apparently may be alternatively based on grounds of improper venue. Should this Court's ruling of dismissal be appealed, judicial economy would dictate that the circuit court have before it the necessary factual data as to this alternative basis for the ruling. Accordingly, the Company is ordered to file within ten days affidavits or other supporting documentation in support of its improper venue argument, and the Union is ordered to file five days thereafter any responsive affidavits or documentation. It is so ordered.