### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### CONTINENTAL CORPORATION OF MICHIGAN, INC. dba Holiday Inn West, Respondent.

#### No. 77–1564.

United States Court of Appeals, Sixth Circuit.

Dec. 26, 1979.

---

Elliott Moore, Deputy Associate Gen. Counsel, Paul J. Spielberg, Collis S. Stocking, N.L.R.B., Washington, D. C., Bernard Gottfried, Region 7, N.L.R.B., Detroit, Mich., for petitioner.

Craig A. Miller, Bruce W. Martin, Miller, Johnson, Snell & Cummiskey, Kalamazoo, Mich., for respondent.

## ORDER

Before ENGEL, KEITH and JONES, Circuit Judges.

This appeal presents a question regarding the propriety of an N.L.R.B. regional director's decision to certify a small bargaining unit at a Holiday Inn Motel-Restaurant located in Kalamazoo, Michigan. The regional director certified a bargaining unit composed solely of housekeeping, laundry and maintenance employees at the Holiday Inn. This unit excluded all restaurant employees and employees who worked at the front desk. The following diagram outlines the employee classes and the "chains of command:"

The company claimed that a proper bargaining unit would include all of its employees, but to no avail. After the union won the election within the narrowly defined unit, the company refused to bargain in order to obtain judicial review. The Board issued a bargaining order and this appeal was brought.[1]

As a general rule, the N.L.R.B. has very broad discretion in determining bargaining units. In *Packard Motor Car Co. v. N.L.R.B.*, 330 U.S. 485, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947), the Court stated that determining what unit is appropriate for bargaining "is one for which no absolute rule of law is laid down by statute, and

1. The Board's order is reported at 230 N.L.R.B. 514 (1977).

none should be by decision. It involves of necessity a large measure of informed discretion, and the decision of the Board, if not final, is rarely to be disturbed." *See Meijer, Inc. v. N.L.R.B.*, 564 F.2d 737 (6th Cir. 1977). In this case, the Regional Director concluded that a bargaining unit of housekeeping, laundry and maintenance employees was appropriate. He reasoned that the employees performed similar functions and shared similar interests. He found that the excluded employees who worked in the kitchen and at the front desk had sufficiently distinct functions, supervision, hours and employment interests to warrant inclusion in a separate bargaining unit.

The company makes a broad-based attack on these findings. The company argues that there are no distinct, shared interests among employees in the certified unit. It points out that housekeeping and maintenance employees work throughout the hotel, and that the maintenance and housekeeping departments are located at opposite ends of the hotel. Similarly, the company claims that the maintenance and housekeeping personnel work different hours and do not do each others work. The company concedes that housekeeping and maintenance personnel are "blue collar" workers, but points out that the N.L.R.B. left out the restaurant blue collar workers. Also, the company claims that its maintenance men are much more skilled than housekeeping workers.

In sum, the company argues that it is irrational to have a unit composed only of maintenance and housekeeping employees. According to the company, maintenance and housekeeping employees do different jobs and do not interact. More important, according to the company, there are other unskilled employees who should have been included, *viz* the restaurant and front desk workers.

There is certainly some truth in the company's argument. Perhaps it would have been better to have a single bargaining unit. Our role, however, is not to substitute our judgment for that of the Board. Our function is to review the Board's find-

ing to see if it is supported by substantial evidence.

The Board could reasonably have found that it was proper to exclude restaurant employees from the unit because their jobs entailed different functions with different supervision. The housekeeping, laundry and maintenance employees all work in the housekeeping area and rarely enter the kitchen. In addition, the lines of supervision are different.

Similarly, the Board could reasonably have excluded the few personnel who work at the front desk, even if they occasionally perform sporadic maintenance work. Their primary role is serving the public. The night porter and the kitchen janitor were properly excluded from the unit because of their unique working hours, different work areas and separate supervision.

We do not necessarily believe that the Board acted wisely in approving this bargaining unit. We do believe that it was within the Board's discretion to make the choice it did.

The Board's order is enforced.