NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HOLLY'S, INC., d/b/a Holiday Inn
South, Respondent.

No. 79–1290.

United States Court of Appeals,
Sixth Circuit.

Jan. 6, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, Carol DeDeo, Susan McDonald, N.L.R.B., Washington, D.C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., Michael Okun, N.L.R.B., Washington, D.C., for petitioner.

Peter J. Kok, Craig A. Mutch, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for respondent.

Before ENGEL, MERRITT and BROWN, Circuit Judges.

ORDER

Respondent, Holly's, Inc., d/b/a Holiday Inn South, operates a Holiday Inn in Wyoming, Michigan. It refused to bargain with the Hotel and Restaurant Employees and Bartenders International Union as a representative of its housekeeping employees as a means of challenging a decision by the Regional Director and the Board that such housekeeping employees were an appropriate collective bargaining unit. After respondent refused to bargain, the Board, on the General Counsel's motion for summary judgment, found respondent guilty of an unfair labor practice and issued a bargaining order for which it seeks enforcement here. 241 N.L.R.B. No. 28.

While recognizing the broad discretion that the Board has in determining appropriate bargaining units, it is the position of the respondent that the housekeeping employees are an inappropriate unit and that the front-desk/porters and the yardman should have been included in the unit. Respondent contends that this is so since all of these employees receive approximately the same wages, receive increases at the same time, do some work in common, and have the

same fringe benefits. Respondent also contends that this particular decision by the Board is inconsistent with other decisions by the Board and that the Board was influenced, in making this decision, by the fact that the union seeking certification had particular strength with the housekeeping employees.

In *N.L.R.B. v. Continental Corp. of Michigan, Inc., d/b/a Holiday Inn West*, 612 F.2d 257 (6th Cir. 1979), this court held that the Board must be affirmed in its determination that a bargaining unit composed only of housekeeping, laundry and maintenance employees at the Holiday Inn constituted an appropriate bargaining unit. We recognize that the facts in *Continental Corp.* and the facts here are not the same, but we conclude that this case must be controlled by *Continental Corp.* because of the great similarity of the facts presented in the two cases. As this court stated in *Continental Corp.* at 259:

> We do not necessarily believe that the Board acted wisely in approving this bargaining unit. We do believe that it was within the Board's discretion to make the choice it did.

612 F.2d at 259.

It is therefore ORDERED that the decision of the Board be and the same is hereby enforced.