**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COLUMBUS HI, INC., d/b/a Columbus Hilton Inn, Respondent.**

No. 79–1427.

United States Court of Appeals, Sixth Circuit.

Feb. 24, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, M. Messitte, Washington, D. C., for petitioner.

Michael E. Minister, Gingher & Christensen, Daniel G. Hale, Columbus, Ohio, for respondent.

Before MERRITT and JONES, Circuit Judges, and BOYLE, District Judge *.

ORDER

NATHANIEL R. JONES, Circuit Judge.

The National Labor Relations Board (Board) petitions for enforcement of an order which requires Columbus Hi, Inc. (Company) to cease and desist from refusing to bargain with the Hotel, Motel, Restaurant Employees and Bartender Union, Local 505, AFL–CIO (Union).

The Company operates the Columbus Hilton Inn in Columbus, Ohio. On July 20, 1978, the Regional Director directed that a

---

* Honorable Patricia J. Boyle, United States District Court for the Eastern District of Michigan, sitting by designation.

representation election be held for a bargaining unit consisting of housekeeping, maintenance and sales employees. There were 33 employees in the unit: 19 voted for the Union and 14 voted against it.

The Company filed objections to the election which alleged that the Union used improper campaign tactics and threatened employees. On October 24, 1978, the Regional Director issued a Supplemental Decision. He rejected the Company's objections and held that the Company failed to establish that the conduct complained of was condoned by the Union. He concluded that the "threats . . . coming from such employees is insufficient to create an atmosphere of confusion or fear of reprisal which would warrant setting aside the election." The Regional Director also found that the campaign practices used by the Union did not require setting aside the election. The Union was certified as the employees' bargaining representative.

On November 2, 1978, the Company filed a motion for reconsideration. Six days later, the president of the Company sent a letter in support of the motion. It stated that three employees in the bargaining unit were serving in a Goodwill Industries training program and were educable mentally retarded. The letter stated that one of these employees was harassed and told that she had to vote for the Union.

On November 28, 1978, the motion for reconsideration was denied and the Union was again certified as the bargaining representative.

On February 6, 1979, the Board issued a complaint because the Company refused to bargain with the Union. The Company admitted it refused to bargain, but asserted as an affirmative defense that the certification of the Union was invalid.

The Board rejected this defense and held that all the issues raised by the Company could have been raised in the representation proceeding. It then granted the Regional Director's motion for summary judgment and ordered the Company to cease and desist from its refusal to bargain.

The Company contends that three employees who were educable mentally retarded were improperly included in the Board-certified bargaining unit. We disagree. The Board has broad discretion in determining which employees will be included in the bargaining unit. *N.L.R.B. v. Continental Corp. of Michigan, Inc.*, 612 F.2d 257 (6th Cir. 1979). We cannot say that the Board abused its discretion by including three educable mentally retarded in the unit.

The Company's contention that the Union's pre-election misconduct directed toward educable mentally retarded employees should be subject to stricter scrutiny than other pre-election conduct is without merit. The Company only alleged that one of these employees was improperly threatened. Even if that employee was particularly susceptible to intimidation, her vote was not crucial to the Union's five-vote majority.

In these circumstances, it was not necessary for the Regional Director or the Board to conduct an investigatory hearing on the alleged pre-election misconduct. The misconduct asserted by the Company involved only isolated incidents and would not have materially affected the results of the election. *N.L.R.B. v. Bostik Division, USM Corp.*, 517 F.2d 971 (6th Cir. 1975).

The order of the National Labor Relations Board is ordered ENFORCED.