SOUTH PRAIRIE CONSTRUCTION CO. *v.* LOCAL
NO. 627, INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, AFL–CIO, ET AL.

No. 75–1097.   Decided May 24, 1976*

---

*Together with No. 75–1243, *National Labor Relations Board* v.
*Local No. 627, International Union of Operating Engineers, AFL–
CIO, et al.*, also on petition for writ of certiorari to the same court.

PER CURIAM.

Respondent Union filed a complaint in 1972 with the National Labor Relations Board alleging that South Prairie Construction Co. (South Prairie) and Peter Kiewit Sons' Co. (Kiewit) had violated §§ 8 (a)(5) and (1) of the National Labor Relations Act, as amended, 61 Stat. 140, 29 U. S. C. §§ 158 (a)(5) and (1), by their continuing refusal to apply to South Prairie's employees the collective-bargaining agreement in effect between the Union and Kiewit. The Union first asserted that since South Prairie and Kiewit are wholly owned subsidiaries of Peter Kiewit Sons', Inc. (PKS), and engage in highway construction in Oklahoma, they constituted a single "employer" within the Act for purposes of applying the Union-Kiewit agreement. That being the case, the Union contended, South Prairie was obligated to recognize the Union as the representative of a bargaining unit drawn to include South Prairie's employees.[1] Disagree-

---

[1] The relevant portions of the Act, §§ 8 and 9, 29 U. S. C. §§ 158 and 159, provide in part:

"Sec. 8 (a) It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;

.        .        .        .        .

"(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 9 (a).

.        .        .        .        .

"Sec. 9 (a) Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit . . . .

"(b) The Board shall decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this Act, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof . . . ."

On the facts of this case, the Union first had to establish that Kiewit and South Prairie were a single "employer." If it succeeded,

ing with the Administrative Law Judge on the first part of the Union's claim, the Board concluded that South Prairie and Kiewit were in fact separate employers, and dismissed the complaint.

On the Union's petition for review, the Court of Appeals for the District of Columbia Circuit canvassed the facts of record. It discussed, *inter alia,* the manner in which Kiewit, South Prairie, and PKS functioned as entities; PKS' decision to activate South Prairie, its non-union subsidiary, in a State where historically Kiewit had been the only union highway contractor among the latter's Oklahoma competitors; and the two firms' competitive bidding patterns on Oklahoma highway jobs after South Prairie was activated in 1972 to do business there.[2]

Stating that it was applying the criteria recognized by this Court in *Radio Union* v. *Broadcast Service,* 380 U. S. 255 (1965),[3] the Court of Appeals disagreed with the Board and decided that on the facts presented Kiewit and South Prairie were a single "employer." It reasoned that in addition to the "presence of a very substantial qualitative degree of centralized control of labor relations," the facts "evidence a substantial qualitative degree of interrelation of operations and common man-

---

the existence of a violation under § 8 (a) (5) would then turn on whether under § 9 the "employer unit" was the "appropriate" one for collective-bargaining purposes.

[2] We need not for present purposes set out the facts as summarized at length in the Court of Appeals' opinion. See 171 U. S. App. D. C. 102, 104–107, 518 F. 2d 1040, 1042–1045 (1975).

[3] "[I]n determining the relevant employer, the Board considers several nominally separate business entities to be a single employer where they comprise an integrated enterprise, N. L. R. B. Twenty-first Ann. Rep. 14–15 (1956). The controlling criteria, set out and elaborated in Board decisions, are interrelation of operations, common management, centralized control of labor relations and common ownership." 380 U. S., at 256.

agement—one that we are satisfied would not be found in the arm's length relationship existing among unintegrated companies." 171 U. S. App. D. C. 102, 108, 109, 518 F. 2d 1040, 1046, 1047 (1975). The Board's finding to the contrary was, therefore, in the view of the Court of Appeals "not warranted by the record." *Id.,* at 109, 518 F. 2d, at 1047.

Having set aside this portion of the Board's determination, however, the Court of Appeals went on to reach and decide the second question presented by the Union's complaint which had not been passed upon by the Board. The court decided that the employees of Kiewit and South Prairie constituted the appropriate unit under § 9 of the Act[4] for purposes of collective bargaining. On the basis of this conclusion, it decided that these firms had committed an unfair labor practice by refusing "to recognize Local 627 as the bargaining representative of South Prairie's employees or to extend the terms of the Union's agreement with Kiewit to South Prairie's employees." *Id.,* at 112, 518 F. 2d, at 1050. The case was remanded to the Board for "issuance and enforcement of an appropriate order against . . . Kiewit and South Prairie." *Ibid.*

Petitioners South Prairie and the Board in their petitions here contest the action of the Court of Appeals in setting aside the Board's determination on the "employer" question. But their principal contention is that the Court of Appeals invaded the statutory province of the Board when it proceeded to decide the § 9 "unit" question in the first instance, instead of remanding the case to the Board so that it could make the initial determination. While we refrain from disturbing the holding of the Court of Appeals that Kiewit and South Prairie are an "employer," see *NLRB* v. *Pittsburgh S. S. Co.,*

---

[4] See n. 1, *supra.*

340 U. S. 498 (1951),[5] we agree with petitioners' principal contention.

The Court of Appeals was evidently of the view that since the Board dismissed the complaint it had necessarily decided that the employees of Kiewit and South Prairie would not constitute an appropriate bargaining unit under § 9. But while the Board's opinion referred to its cases in this area and included a finding that "the employees of each constitute a separate bargaining unit," 206 N. L. R. B. 562, 563 (1973), its brief discussion was set in the context of what it obviously considered was the dispositive issue, namely, whether the two firms were separate employers. We think a fair reading of its decision discloses that it did not address the "unit" question on the basis of any assumption, *arguendo*, that it might have been wrong on the threshold "employer" issue.[6]

Section 9 (b) of the Act, 29 U. S. C. § 159 (b), directs the Board to

> "decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this Act, the unit appropriate for the purposes of collective bargaining shall be the

---

[5] "Were we called upon to pass on the Board's conclusions in the first instance or to make an independent review of the review by the Court of Appeals, we might well support the Board's conclusion and reject that of the court below. But Congress has charged the Courts of Appeals and not this Court with the normal and primary responsibility for granting or denying enforcement of Labor Board orders." 340 U. S., at 502.

[6] The Administrative Law Judge's decision in favor of the Union included a conclusion that the pertinent employees of Kiewit and South Prairie constituted an appropriate unit under § 9 (b). But that conclusion was, of course, preceded by the determination that the two firms were a single employer. In disagreeing on the "employer" issue, the Board was not compelled to reach the § 9 (b) question in order to dismiss the complaint.

employer unit, craft unit, plant unit, or subdivision thereof . . . ."

The Board's cases hold that especially in the construction industry a determination that two affiliated firms constitute a single employer "does not necessarily establish that an employerwide unit is appropriate, as the factors which are relevant in identifying the breadth of an employer's operation are not conclusively determinative of the scope of an appropriate unit." *Central New Mexico Chapter, National Electrical Contractors Assn., Inc.,* 152 N. L. R. B. 1604, 1608 (1965). See also *B & B Industries, Inc.,* 162 N. L. R. B. 832 (1967). Cf. *Gerace Constr., Inc.,* 193 N. L. R. B. 645 (1971).[7]

The Court of Appeals reasoned that the Board's principal case on the "unit" question, *Central New Mexico Chapter, supra,* was distinguishable because there the two affiliated construction firms were engaged in different types of contracting. It thought that this fact was critical to the Board's conclusion in that case that the employees did not have the same "community of interest" for purposes of identifying an appropriate bargaining unit. Whether or not the Court of Appeals was correct in this reasoning, we think that for it to take upon itself the initial determination of this issue was "incompatible with the orderly function of the process of judicial review." *NLRB* v. *Metropolitan Ins. Co.,* 380 U. S. 438, 444 (1965). Since the selection of an appropriate bargaining unit lies largely within the discretion of the Board, whose decision, "if not final, is rarely to be disturbed," *Packard Motor Co.* v. *NLRB,* 330 U. S. 485, 491 (1947), we think the function of the Court of Appeals ended when the Board's error on the

---

[7] Compare *Radio Union* v. *Broadcast Service,* 380 U. S. 255 (1965), with *Packard Motor Co.* v. *NLRB,* 330 U. S. 485, 491–492 (1947).

"employer" issue was "laid bare." *FPC* v. *Idaho Power Co.*, 344 U. S. 17, 20 (1952).

As this Court stated in *NLRB* v. *Food Store Employees*, 417 U. S. 1, 9 (1974):

> "It is a guiding principle of administrative law, long recognized by this Court, that 'an administrative determination in which is imbedded a legal question open to judicial review does not impliedly foreclose the administrative agency, after its error has been corrected, from enforcing the legislative policy committed to its charge.' *FCC* v. *Pottsville Broadcasting Co.*, 309 U. S. 134, 145 (1940)."

In foreclosing the Board from the opportunity to determine the appropriate bargaining unit under § 9, the Court of Appeals did not give "due observance [to] the distribution of authority made by Congress as between its power to regulate commerce and the reviewing power which it has conferred upon the courts under Article III of the Constitution." *FCC* v. *Pottsville Broadcasting Co.*, 309 U. S. 134, 141 (1940).

The petitions for certiorari are accordingly granted, and that part of the judgment of the Court of Appeals which set aside the determination of the Board on the question of whether Kiewit and South Prairie were a single employer is affirmed. That part of the judgment which held that the two firms' employees constituted the appropriate bargaining unit for purposes of the Act, and which directed the Board to issue an enforcement order, is vacated, and the case is remanded to the Court of Appeals for proceedings consistent with this opinion.

*It is so ordered.*