562 F.2d 38
 95 L.R.R.M. (BNA) 3011, 82 Lab.Cas. P 10,002
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Local 810, International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America, Petitioner
v.
National Labor Relations Board, Respondent.
 Nos. 77-4044 and 77-4069.
 United States Court of Appeals, Second Circuit.
 June 16, 1977.
 
 1
 Before SMITH and OAKES, Circuit Judges, BRYAN, District Judge.
 
 
 2
 BRYAN, D.J.
 
 
 3
 The above cause was heard by this court on petition for review by Local 810, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Local 810) and application by the NLRB for enforcement of a Board order finding that Emco Steel, Inc. (Emco), violated Section 8(a)(5)(1) of the National Labor Relations Act by unilaterally withdrawing recognition from Local 455, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (Iron Workers), after recognizing that union as the exclusive collective bargaining representative of its employees and that the company violated Section 8(a)(1), (2) and (3) of the Act by assisting the Teamsters to solicit employees' support and by recognizing and executing a collective bargaining agreement with a union security provision favoring the Teamsters. 227 NLRB No. 148 (Jan. 13, 1977).
 
 
 4
 The case principally turns on the question whether the Board properly found that employees McGovern, Coli and Frick belonged to the relevant unit at the time the Iron Workers requested recognition, the selection of the unit lying largely within the discretion of the Board. South Prairie Construction Co. v. Local No. 627, International Union of Operating Engineers, 425 U.S. 800, 805 (1976); Continental Insurance Co. v. NLRB, 409 F.2d 727, 728 (2d Cir.), cert. denied, 396 U.S. 902 (1969). This question again turns on whether Coli was a temporary employee and was improperly included in the unit. The Board found, following its own decisions, e.g., M.J. Pirolli & Sons, Inc., NLRB 241, 250-51 (1972), enforced, 80 NLRM 4170 (1st Cir.), cert. denied, 409 U.S. 1008 (1972), and the findings of the administrative law judge that Coli was not a temporary employee as his employment by Emco for the duration of the strike against his former employer, Brightman Iron Works, was of uncertain duration and indeed involved certain inherent uncertainties, including not only the date the Brightman strike might end and the time when he might be recalled to work there but also whether, indeed, he would be recalled, even though he intended to return to Brightman as indicated by leaving his tools and clothes at that concern. In our view the question whether a given employee's employment is temporary so as to exclude him from a bargaining unit by virtue of having a lack of community of interest with his fellow employees in the unit is a question that lies peculiarly within the competence and expertise of the National Labor Relations Board and one as to which, absent a clear showing of arbitrariness or irrationality not evidenced here, we cannot interfere with the Board's conclusion on this mixed question of fact and law. Accordingly, the Teamsters' petition for review is denied, and the NLRB's petition for enforcement is granted.