**L. M. BERRY AND COMPANY,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

80–1354.

United States Court of Appeals, Sixth Circuit.

Jan. 5, 1982.

250

John C. Lombard, Coolidge, Wall, Matusoff, Womsley & Lombard Co., Dayton, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Penny Pilzer, Washington, D. C., for N. L. R. B.

Before LIVELY, ENGEL and KEITH, Circuit Judges.

### ORDER

Petitioner, L.M. Berry and Company ("The Company") seeks reversal of the National Labor Relations Board decision reported at 248 NLRB 1218. The National Labor Relations Board ("Board") seeks to have its order enforced.

The Company is an Ohio corporation whose business is selling telephone directory advertising and arranging the publication of "Yellow Pages" in several states. The Company is based in Dayton, Ohio, although it does have a divisional office in Tampa, Florida. On September 22, 1978, the Retail Clerks International Union, Local 1636, AFL–CIO ("Clerks Union") filed a representation petition with the Board seeking certification as the collective bargaining representative of telephone sales employees at the Company's Tampa Florida facility. On October 23, 1978, the Board conducted a hearing to determine the appropriateness of the proposed bargaining unit. On November 8, 1978, the Office of

the Regional Director issued a Decision and Direction of Election. The Director concluded that the appropriate bargaining unit would consist of:

"All telephone sales employees employed by the [Company] at its Tampa, Florida office, but excluding art department employees, office clerical employees, telephone sales clerks, special sales representatives, premise sales employees, guards and supervisors as defined in the Act."

On November 30, 1978, the Board denied review of the Director's decision. The Regional Office conducted an election in the designated unit on December 8, 1978. The Clerks Union prevailed 7 to 4, with one challenged ballot. On January 25, 1979, after an investigation, the Regional Director issued a Supplemental Decision, Order & Certification of Representation. Ultimately on September 18, 1979, the Board adopted the Regional Director's decision that the Company's objections to the election be overruled. The Board ruled that the Clerks Union be certified as the exclusive representative of the unit employees. The Board certified the Clerks Union as an affiliate of the United Food & Commercial Workers International Union, AFL–CIO. The Board noted that on June 7, 1979, a merger had occurred between the Retail Clerks International Union and the Amalgamated Meatcutters and Butcher Workmen of North America. The resulting union was designated as the United Food and Commercial Workers International Union ("Union").

On October 4, 1979, the Company informed the Union that it would not recognize or bargain with the Union. Consequently, the Union instituted this action on October 23, 1979, alleging unlawful refusal to bargain. The Company's answer admitted that it refused to bargain, but denied the appropriateness of the unit and the validity of the certification. On April 17, 1980, the Board granted summary judgment against the Company finding that the Company had violated Section 8(a)(5) and (1) of the Act by refusing to bargain with the Union. We affirm the decision of the

Board and enter an order enforcing the Board's Order of April 17, 1980.

An employer violates Section 8(a)(5) and (1) of the Act when it refuses to bargain with the duly certified representative of its employees. *NLRB v. Difco Laboratories, Inc.*, 389 F.2d 633, 666–67 (6th Cir. 1968), *cert. denied*, 393 U.S. 828, 89 S.Ct. 91, 21 L.Ed.2d 98 (1968). In the instant case the Company admits its refusal to bargain. However, on appeal, the Company challenges 1) the Board's finding that telephone sales employees constitute an appropriate bargaining unit; and 2) the validity of the December 8, 1978, union election results. The determination of an appropriate bargaining unit under Section 9(b) of the Act "lies largely within the discretion of the Board, whose decision 'if not final, is rarely to be disturbed.'" *South Prairie Construction Company v. Local 627, International Union of Operating Engineers*, 425 U.S. 800, 805, 96 S.Ct. 1842, 1844, 48 L.Ed.2d 382 (1976), *quoting Packard Motors Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947). The Board's unit determination is conclusive if it is not "so unreasonable and arbitrary as to exceed the Board's power." *Meijer, Inc. v. NLRB*, 564 F.2d 737, 743 (6th Cir. 1977). This record establishes that the Board properly considered "the community of interests among the employees". *See, NLRB v. Lou De Young's Market Basket, Inc.*, 406 F.2d 17, 24 (6th Cir. 1969), *remanded on other grounds*, 395 U.S. 828, 89 S.Ct. 2125, 23 L.Ed.2d 737; *NLRB v. Continental Corp. of Michigan*, 612 F.2d 257, 258–59 (6th Cir. 1979).

The Company also contends that the Board's election results should be overturned for alleged campaign misrepresentations concerning the superiority of the Union pension plan over the plan that was currently offered by the Company. An election will be set aside only where the statements: 1) substantially misrepresent a material fact; 2) are timed so that the other party is prevented from making an effective reply; 3) are made by a party who has special knowledge of the true facts;

and 4) concern matters outside the independent knowledge of the employees so that they are unable to effectively evaluate the statements. *Hollywood Ceramics Co.*, 140 NLRB 221 (1962), *reaff'd in General Knit of California, Inc.*, 239 NLRB 619 (1978). A hearing concerning the alleged misrepresentations was held. The hearing officer concluded that the conduct of the union official was campaign puffing not beyond the scope of *Hollywood Ceramics.* The officer also found that the statements could be recognized by employees as campaign rhetoric.

Upon consideration of oral arguments, the record, and briefs filed in this action, we conclude that the Board did not abuse its discretion. Accordingly, we affirm the Board's decision, 248 NLRB 1218, and order the enforcement of the Board's Order of April 17, 1980.