787 F.2d 953
 122 L.R.R.M. (BNA) 2063, 104 Lab.Cas. P 11,915
 UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
LOCAL UNION NO. 1694; Carpenters District Council
of Washington, D.C. and vicinity, Appellees,
v.
W.T. GALLIHER & BROS., INC., Appellant.
 No. 85-1391.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 4, 1985.
Decided April 10, 1986.
 
 Francis T. Coleman (Stephen W. Robinson, Boothe, Pritchard & Dudley, Alexandria, Va., on brief) for appellant.
 Mary Ellen Signorille (Joel A. Smith, Abato, Rubenstein & Abato, P.A., Lutherville, Md., on brief) for appellees.
 Before HALL and ERVIN, Circuit Judges, and SWYGERT, Senior Circuit Judge of the Seventh Circuit, sitting by designation.
 ERVIN, Circuit Judge:
 
 
 1
 W.T. Galliher & Bros., Inc. (Galliher) appeals the district court's arbitration order in this case arising under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1982). Galliher maintains that because its dispute with the United Brotherhood of Carpenters and Joiners of America (union) is representational, not contractual, the district court did not have jurisdiction to order arbitration. Finding Carey v. Westinghouse Electric Corp., 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964), controlling, we affirm.
 
 I.
 
 2
 In the spring of 1984, Galliher added a prefabricated door shop to its custom mill operation. Shortly thereafter, Galliher and the union signed a new collective bargaining agreement covering employees engaged in "the same or like work" as employees working in the custom mill shop. The agreement does not specifically address the issue currently in dispute: whether one hourly door shop employee is part of the unionized workforce.
 
 
 3
 The union maintains that the door shop employee is engaged in "the same or like work" as existing unionized workers and therefore deserves union pay under the collective bargaining agreement. According to the union, the dispute is a contractual one, and a section 301 arbitration order is appropriate. Galliher maintains that the door shop employee is not engaged in "the same or like work" and is therefore not covered by the collective bargaining agreement. Under Galliher's analysis, the union seeks accretion, which is a representational issue within the primary jurisdiction of the National Labor Relations Board (NLRB). The district court found that the dispute was not "so representational" as to fall within the exclusive jurisdiction of the NLRB, and on summary judgment, issued an arbitration order.
 
 
 4
 Prior to this appeal, both parties unsuccessfully sought NLRB resolution of their dispute. In September, 1984, the union filed an unfair labor practice charge against Galliher for refusing to bargain over the door shop employee. See National Labor Relations Act Sec. 8(a)(5), 29 U.S.C. Sec. 158(a)(5) (1982). For undocumented reasons, the NLRB did not act on the charge. The union eventually withdrew the charge without prejudice and filed this section 301 action. Galliher then filed a unit clarification petition relating to the door shop employee. In accordance with its policy of refusing to decide unit clarification questions that the parties should have discussed during ongoing negotiations, see Arthur C. Logan Memorial Hospital, 231 N.L.R.B. 778 (1977), the NLRB dismissed the petition without prejudice. The NLRB's dismissal leaves the parties with an arbitration order that has been stayed pending this appeal.
 
 II.
 
 5
 Although this dispute is arguably representational, we believe that the district court properly ordered arbitration under section 301. In Carey v. Westinghouse Electric Corp., 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964), the Supreme Court faced a similar dispute that could have been characterized as either representational or contractual. The Court ordered arbitration, which would resolve the dispute if, upon close inspection, it was a contractual question covered by the collective bargaining agreement. Even if the question ultimately was not covered by the agreement and was, therefore, not arbitrable, the Court believed that arbitration might have a "pervasive, curative effect." Id. at 272, 84 S.Ct. at 409. If the dispute persisted after arbitration, the NLRB would be free to give the arbitrator's decision no more than its appropriate weight when the case finally came before the Board. Id. at 270-71, 84 S.Ct. at 408-09. Carey comports with Congress's intent to resolve disputes through arbitration whenever possible, see United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 1352-53, 4 L.Ed.2d 1409 (1960), and Carey's reasoning should be followed in the case at bar.
 
 
 6
 We note that some circuits have construed Carey narrowly and have precluded section 301 jurisdiction in slightly analogous situations. See, e.g., Local Union 204, IBEW v. Iowa Electric Light & Power Co., 668 F.2d 413 (8th Cir.1982); Local No. 3-193, International Woodworkers v. Ketchikan Pulp Co., 611 F.2d 1295 (9th Cir.1980). The reasons behind such narrowing constructions are not applicable to the instant case, however. We do not believe that this dispute can be characterized as so "primarily representational" as to preclude section 301 jurisdiction. Iowa Electric, 668 F.2d at 419. Furthermore, this case is not one in which the parties are invoking section 301 to circumvent an existing Board disposition of the merits of their claims, see id., or one in which both parties have deliberately avoided the NLRB in an attempt to undermine employee self-determination, see Ketchikan, 611 F.2d at 1298, 1300. See generally Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 517-20 & n. 12 (5th Cir.1982), cert. denied, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983) (critizing Iowa Electric and Ketchikan). Finally, this case is not one in which the district court is usurping the NLRB's power to dispose of a case over which the Board has already assumed jurisdiction. Cf. South Prairie Construction Co. v. Local No. 627, International Union of Operating Engineers, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976) (per curiam). Consequently, none of the reasons for limiting Carey apply to the case at bar.
 
 
 7
 Galliher further argues that summary judgment is inappropriate even if the district court had section 301 jurisdiction because genuine issues of material fact exist. The intent of the parties and the duties of the door shop employee are indeed disputed, but the proper forum for resolving these disputes is an arbitration hearing. In a section 301 action, the district court's inquiry is "strictly confined to the question [of] whether the reluctant party did agree to arbitrate." Warrior & Gulf, 363 U.S. at 582, 80 S.Ct. at 1352-53. In this case, the collective bargaining agreement contains an arbitration provision applicable to all questions of contractual interpretation. Given that provision, the more searching inquiry should be conducted by the arbitrator, not the district court. The district court's summary judgment arbitration order was appropriate and is hereby affirmed.
 
 
 8
 AFFIRMED.