LOCAL NO. 160, UNITED ASSOCIATION OF JOURNEYMAN AND APPRENTICES OF the PLUMBING AND PIPEFITTING INDUSTRY OF the UNITED STATES AND CANADA, a voluntary labor association, Plaintiff,

v.

MONROE MECHANICAL CONTRACTORS, INC., Defendant.

Civ. No. 86-4186.

United States District Court, S.D. Illinois, Benton Division.

Jan. 29, 1987.

Charles Hines, Carbondale, Ill., for plaintiff.

Robert C. Wilson, Wilson & Cape, Harrisburg, Ill., Vance D. Miller, Mark J. Rubinelli, Moller, Talent, Kuelthau & Welch, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This cause is before the Court on Motion for Summary Judgment filed on behalf of defendant and the plaintiff's response thereto. The merits of the motion and the plaintiff's complaint will not be reached as this Court finds that it lacks jurisdiction to decide this matter.

### FACTUAL AND PROCEDURAL SUMMARY

In August of 1985, Bretz Sheet Metal Company (Bretz) submitted the apparent low bid in connection with performing the heating, ventilating and air conditioning work at a construction project in Cairo, Illinois, referred to as the Daystar Nursing Center Project. At all relevant times, Bretz was bound by the terms of a collective bargaining contract negotiated between a multi-employer bargaining association and Local 160 of the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (Local 160). On October 2, 1985, the developer contracted with Monroe Mechanical Contractors, Inc. (Monroe) to perform the heating, ventilating and air conditioning work at the Daystar Project. The contract was awarded with the approval of the Farmers Home Administration (FHA) which was involved in financing the project. The contract was for the amount of the low bid submitted by Bretz.

In response to complaints about the award of the contract raised by competing contractors, the FHA advised that the contractor performing the work was in essence the same as had submitted the low bid. Because of the internal reorganization of the low bid contractor, the FHA stated that the owner would waive any informalities which resulted from such a name change.

Local 160 filed a complaint in state court seeking a determination of whether Monroe should be bound by the terms of the collective bargaining agreement to which Bretz was a signature employer. The cause was

then removed to this Court. In support of its position that Monroe should be bound by the collective bargaining agreement with Local 160, the union alleges that Monroe and Bretz are one and the same and that the change in name, titles and officers is a subterfuge designed to avoid the terms of the labor agreement with the union. Monroe maintains that it is a completely separate entity from Bretz, is in no way affiliated with Bretz and is bound by a collective bargaining agreement with the Congress of Independent Unions effective as of September 1, 1985.

* * *

Neither of the parties have questioned this Court's jurisdiction over the matter at hand. The defendant's summary judgment motion does not address jurisdiction. However, it is incumbent on this Court to determine if it has jurisdiction. As Justice Frankfurter stated, "[T]he jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer." *Neirbe v. Bethleham Shipbuilding Corp.*, 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939). Thus, it is this inherent duty which warrants this Court's sua sponte perscrutation into its authority to decide this dispute.

Local 160 proposes that this Court find that Monroe and Bretz were in fact a "single employer." Such a finding is based on (1) interrelation of operations, (2) common management, (3) centralized control of labor relations and (4) common ownership. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth*, 690 F.2d 489 (5th Cir. 1982); *NLRB v. Don Burgess Construction Company*, 596 F.2d 378 (9th Cir.1979). However, even if this Court were to make such a finding, that alone would be insufficient to hold Monroe to the agreement made by Bretz with the union.

▮▮▮ A finding that two employers should be considered as constituting a single employer is not determinative as to whether both are bound by a labor agreement signed by one. *Pratt-Farnsworth*, at 505; *Don Burgess* at 386. Both cases cited by the union, from the Fifth and Ninth Circuits respectively, are quite clear on this point. In order for the non-signatory employer to be bound by the labor agreement, the employees of each must constitute an appropriate bargaining unit. *Pratt-Farnsworth*, at 505; *Don Burgess*, at 386. Where the Circuits split opinions is on the issue of whether a federal district court can make a determination on the appropriateness of a bargaining unit.

The split of authority in the Circuit Courts over the jurisdiction of a federal court to decide the appropriateness of a bargaining unit was recognized recently by Justices White and O'Connor. In a dissent to a denial of certiorari, Justices White and O'Connor pointed out that the Fifth and Ninth Circuits have reached opposite conclusions on the issue and suggested that certiorari should be granted to resolve the conflict. *Brotherhood of Teamsters, Local No. 70 v. California Consolidators, Inc.*, 469 U.S. 887, 105 S.Ct. 263, 83 L.Ed.2d 199 (1984). More specifically, the conflict arises out of the interpretation of *South Prairie Construction Co. v. Operating Engineers*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976).

In *South Prairie*, a union that represented the employees of one company had filed a complaint with the National Labor Relations Board (NLRB) contending that its collective bargaining agreement should cover the employees of a second company based on the "single employer" doctrine. The NLRB concluded that the two companies were not a "single employer" and dismissed the complaint. On appeal, the Court of Appeals for the District of Columbia set aside the NLRB's ruling. The appellate court then went on to decide the issue of whether the employees of both companies constituted an appropriate bargaining unit. That issue had not been before the NLRB. The Supreme Court held that the Court of Appeals had erred when it failed to observe the proper distribution of authority and foreclosed the NLRB from deciding the appropriateness of the bar-

gaining unit. *South Prairie*, 102 S.Ct. at 1845.

The Ninth Circuit has interpreted *South Prairie* as precluding a federal court from deciding the appropriateness of a bargaining unit, *Brotherhood of Teamsters, Local No. 70 v. California Consolidators, Inc.*, 693 F.2d 81 (9th Cir.1982). The Fifth Circuit read *South Prairie* as being limited to the situation in which two claims are initially presented to the NLRB and only one of them is decided there. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489 (5th Cir.1982). The Eighth Circuit answers jurisdictional questions by deciding whether the major issues in a case are primarily representational or contractual in nature. *Local Union 204, International Brotherhood of Electrical Workers v. Iowa Electric Light and Power Company*, 668 F.2d 413 (8th Cir.1982). There is indeed a split of authority. This Court has been unable to unearth any indication of how the Seventh Circuit would treat the question of jurisdiction to decide the appropriateness of a bargaining unit. However, in *Local 705, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Willet, Inc.*, 614 F.Supp. 932 (N.D.Ill.1985), Judge Shadur, United States District Court for the Northern District of Illinois, noted the split in authority and rejected the Fifth Circuit's opinion. In *Willet*, the court stated that no jurisdiction exists for a federal district court to decide a representational issue such as the appropriateness of a bargaining unit. *Id.* at 938.

 This Court joins Judge Shadur in rejecting the proposition that a federal court would merely be deciding a collateral issue if it ruled on the appropriateness of a bargaining unit. At the core of our nation's labor relations policy is the idea that similarly situated employees have a right to join together in their efforts to bargain with an employer concerning their employment. Congress has delegated the responsibility for determining which groups of employees constitute an appropriate unit, with which an employer must bargain, to the NLRB through the National Relations Act. A court which would take on that responsibility in order to decide an issue dependent on such determination, under the guise of it being a collateral issue, would be ignoring the heart and soul of this nation's labor policies as delineated by Congress.

In the matter at hand, it would be necessary for this Court to determine the appropriateness of a bargaining unit in order for the union to gain the declaratory judgment it seeks. Whether or not Monroe and Bretz should be designated a "single employer" is not the ultimate issue. Therefore, this Court cannot take jurisdiction over this dispute to determine if Monroe is bound by the terms of the labor agreement between Bretz and the union. A decision on the ultimate issue of bargaining unit appropriateness is left to the exclusive expertise of the NLRB.[1]

\* \* \*

Accordingly, plaintiff's complaint for declaratory judgment is dismissed by this Court for lack of jurisdiction.

IT IS SO ORDERED.

---

**1.** In Monroe's supportive memorandum, it is argued that the NLRB has recognized the Congress of Independent Unions as the exclusive bargaining representative for Monroe employees. It is difficult to tell from the memorandum and attached exhibits whether it is argued that this determination has been made by the Board in the context of an unfair labor practice charge, unit certification or any particular type of proceeding. This Court has no opinion as to whether the NLRB has previously decided the issue of appropriate bargaining units. If it turns out that the Board has already ruled on the issue, there are appeals procedures designed for NLRB rulings.