MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:
Plaintiffs, Laborers’ Pension Fund and Laborers’ Welfare Fund of the Health and Welfare Department of the Construction and General Laborers’ District Council of Chicago and Vicinity (collectively Funds), filed a three count second amended complaint against defendants, Joe Caehey Construction Co., Inc. (Joe Caehey) and Future Masonry, Inc. (Future Masonry), pursuant to the Labor Management Relations Act- (LMRA), 29 U.S.C. § 185(a), and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145. Funds allege violations of collective bargaining and trust agreements. Both Joe Caehey and Future Masonry have filed a motion to dismiss count one of Funds’ second amended complaint contending lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, defendant Joe Cachey’s motion is DENIED as to contributions for Joe Ca-chey’s employees and GRANTED as to Future Masonry’s employees and defendant Future Masonry’s motion is GRANTED in its entirety.

BACKGROUND

Plaintiffs are pension and welfare funds established pursuant to collective bargaining agreements previously entered into between the Laborers’ District Council and its affiliated locals (Union). Defendants Joe Caehey *368 and Future Masonry are Illinois construction companies. Since April 16,1988, Joe Cachey has entered into successive collective bargaining agreements with Union. In certain provisions of the agreements, Joe Cachey agreed to be bound by the trust agreements that established Funds. Pursuant to the collective bargaining agreements, Joe Cachey is required to make periodic contributions to Funds on behalf of certain of its employees and, when given reasonable notice by Funds or their representatives, to submit all necessary books and records to Funds’ accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to Funds. Funds claim that since April 1, 1995, Joe Cachey has failed to make some of the contributions required to- be paid by it to Funds in violation of its contractual obligations under the agreements into which it entered.
Funds also argue that Joe Cachey and Future Masonry are liable for unpaid benefits for laborer employees on the payroll of Future Masonry since they claim that Joe Cachey and Future Masonry are a “single employer” and an “alter ego” of one another. Funds believe that Mr. Cachey controls the labor relations policy-making of both companies and that the companies are interrelated, sharing common employees, equipment, materials, jobs, management including Mr. Ca-chey, and ownership. Funds maintain that Mr. Cachey operates Future Masonry with the intent to evade the Union contractual obligations of Joe Cachey. Therefore, Funds argue that since Joe Cachey and Future Masonry share the same employees and because the employees regularly receive pay checks from both companies for work on the same projects, the employees of both companies are entitled to have their benefits paid pursuant to the agreement entered into between the Union and Joe Cachey regardless whether the employee’s paycheck is from Joe Cachey or Future Masonry.
Count one of Funds’ second amended complaint alleges Funds’ theory that Joe Cachey and Future Masonry are in fact a single employer. Funds seek an audit of Joe Ca-chey’s books and records from April 1, 1995 through the present and of Future Masonry’s books and records from January 1, 1990 through the present to determine any appropriate unpaid employee benefit contributions. Funds ask that Joe Cachey and Future Masonry be enjoined from any further violations of the collective bargaining and trust agreements and that they be awarded costs and liquidated damages.
Funds predicate federal subject matter jurisdiction over this action on § 301 of the LMRA, 29 U.S.C. § 185(a), and §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. Joe Cachey and Future Masonry have each filed a motion to dismiss count one of Funds’ second amended complaint on the ground that this court lacks subject matter jurisdiction to decide this claim since Future Masonry is not a signatory to the collective bargaining agreement with Union.

ANALYSIS

I. Claims Against Joe Cachey for Contributions for Joe Cachey Employees
A. Section SOI of the LMRA
A claim brought pursuant to § 301 of the LMRA must, satisfy three requirements before it can be properly asserted in federal court: it must be (1) a claim of a violation of (2) a contract (3) between an employer and a labor organization. 29 U.S.C. § 185(a); Railroad Maintenance Laborers’ Local 1274. Pension, Welfare and Educ. Funds v. Kelly R.R. Contractors, Inc., 591 F.Supp. 889, 892 (N.D.Ill.1984). All three of these requirements are met with respect to Joe Cachey. There is no dispute that Joe Cachey entered into collective bargaining agreements with Union. Funds are third party beneficiaries of the agreement. Funds allege within count one of their second amended complaint that Joe Cachey is in violation of the agreement because it ceased making contributions for its employees to Funds. Section 301 is the statutory mechanism for bringing such a claim of breach of a collective bargaining agreement. Kelly, 591 F.Supp. at 892. Therefore, this court has subject matter jurisdiction over this claim as it pertains to defendant Joe Cacheas contributions to Funds on behalf of Joe Cachey employees. Accordingly, Joe Cachey’s motion to dismiss must be denied under § 301 of the LMRA.
*369 B. Section 502 and 515 of ERISA
Pursuant to § 502 of ERISA, a civil action may be brought by a participant, beneficiary, or fiduciary to enjoin violations of ERISA or to enforce provisions of ERISA or terms of benefit plans. 29 U.S.C. § 1132(a)(3). Federal courts have exclusive jurisdiction over actions brought pursuant to this provision. 29 U.S.C. § 1132(e)(1). Funds, as third-party beneficiaries, are seeking enforcement of § 515 of ERISA, 29 U.S.C. § 1145 [1], and terms of Joe Cachey’s collective bargaining agreement with Union. See generally Central States, S.E. & S.W. Areas Pension Fund v. Gerber Truck Serve., Inc., 870 F.2d 1148 (7th Cir.1989). Section 502 provides this court with subject matter jurisdiction to hear this claim as it pertains to Joe Caehey and its employees. Therefore, Joe Cachey’s motion to dismiss count one of Funds’ second amended complaint as it pertains to Joe Cachey’s employees must be denied under §§ 502 and 515 of ERISA.
II. Claims Against Joe Caehey and Future Masonry for Contributions for Future Masonry Employees
A. Section SOI of the LMRA
Funds’ argument that this court has subject matter jurisdiction over this claim as alleged against Joe Caehey and Future Masonry for contributions for Future Masonry employees requires a different analysis from the one above. Unlike Joe Caehey, Future Masonry is a nonsignatory to the collective bargaining agreement since it did not enter into an agreement with Union. Funds claim that this court has subject matter jurisdiction over both Joe Caehey and Future Masonry based upon the single employer doctrine. See, e.g., Radio & Television Broad. Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc., 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965) (per curiam). Funds argue that under this theory, a nonsignatory party may be found liable for the contractual obligations assumed by a related signatory corporation. To prevail under the single employer theory and enforce the agreement, Funds must establish that: (1) the entities in question are a single employer; and (2) the employees of both employers constitute an appropriate bargaining unit. Local 881, United Food & Commercial Workers Union v. Butera Finer Foods, Inc., No. 91 C 7512, 1992 WL 220679, at *3 (N.D.Ill. Sept.2,1992).
A finding that two employers are a single employer requires that a court determine if there is an absence of an “arm’s length relationship” found among unintegrat-ed companies. South Prairie Constr. Co. v. Local No. 627, Int’l Union of Operating Eng’rs, 425 U.S. 800, 803, 96 S.Ct. 1842, 1843, 48 L.Ed.2d 382 (1976) (per curiam). Under federal labor law, two or more nominally separate business entities are regarded as a single employer when they are so structurally interrelated that they constitute one integrated enterprise. Butera, 1992 WL 220679, at *3. A district court has jurisdiction to decide this issue in a § 301 suit. Local 705, Int’l Bhd. of Teamsters v. Willett, Inc., 614 F.Supp. 932, 934 (N.D.Ill.1985).
A second 'determination must be made once two employers are found to constitute a single employer since the mere finding that two employers constitute a single employer is insufficient to bind the nonsigna-tory employer to a collective bargaining agreement. In order to enforce a collective bargaining agreement, the plaintiff must establish the propriety of a single bargaining unit comprising the employees of the two employers. Id. at 935. “A union contract signed by one employer will not bind both employers under this doctrine unless the employees of both employers constitute a single bargaining unit.” Kelly, 591 F.Supp. at 893. The purpose for this second inquiry is “‘to protect the rights under § 7 of the NLRA, 29 U.S.C. § 157, of the employees of each of the subentities constituting the single employer to bargain collectively with representatives of their own choosing.’ ” Willett, 614 F.Supp. at 935 (quoting Carpenters Local Union, No. 18k6 of the United Bhd. of Car *370 penters & Joiners of Am. v. Pratt-Farnsworth, Inc., 690 F.2d 489, 507 (5th Cir.1982), cert. denied, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)). Even if the union and the initial employer have stipulated to the appropriate unit in their agreement, this will not preclude an inquiry by the National Labor Relations Board (NLRB) into the appropriateness of the unit consisting of all the employees. Pratt-Farnsworth, 690 F.2d at 507.
A conflict between the courts and the NLRB over jurisdiction in the determination of whether both employers’ employees constitute an appropriate bargaining unit arises because of original jurisdictional allocations to the NLRB in the LMRA and its predecessor the National Labor Relations Act (NLRA). The NLRB has exclusive original jurisdiction over cases arising under NLRA §§ 7 and 8, 29 U.S.C. §§ 157 and 158. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). Section 301 of the LMRA, however, confers federal courts with jurisdiction over the enforcement of collective bargaining agreements. Willett, 614 F.Supp. at 935. Courts, though, will typically decline to exercise jurisdiction when faced with issues that require the expertise of the NLRB. Id. Such an issue includes the determination of an appropriate bargaining unit. “[R]epre-sentational concerns inherent in bargaining unit determinations are at the very core of the Board’s own powers.” Id. at 937 (reviewing ease law supporting this position).
This court notes that there is a conflict among the circuits as to whether federal courts have jurisdiction to determine the appropriateness of a bargaining unit. For example, the Ninth Circuit has found that a federal court is precluded from deciding the appropriateness of a bargaining unit. Brotherhood of Teamsters, Local No. 70 v. California Consol., Inc., 693 F.2d 81 (9th Cir.1982), cert. denied, 469 U.S. 887, 105 S.Ct. 263, 83 L.Ed.2d 199 (1984); see also Local Union 204 of the Int'l Bhd. of Elec. Workers v. Iowa Elec. Light & Power Co., 668 F.2d 413, 419 (8th Cir.1982) (stating that jurisdictional questions should be decided based on whether the major issues in the case are primarily representational, such as determining the appropriate bargaining unit, or contractual, such as the single employer question, in nature). The Fifth Circuit, however, has said that absent a prior determination by the NLRB, determination of the appropriateness of a bargaining unit is a collateral issue that may be determined by the district court where the decision is essential to the resolution of a breach of contract claim. Pratt-Farnsworth, 690 F.2d at 517. The Seventh Circuit has not yet addressed this issue.
This court joins other district court judges in this circuit who have concluded that no federal court jurisdiction exists to decide the appropriateness of a bargaining unit. See Butera, 1992 WL 220679; Local No. 160, United Ass’n of Journeyman & Apprentices v. Monroe Mechanical Contractors, Inc., 652 F.Supp. 1277 (S.D.Ill.1987); Willett, 614 F.Supp. at 932. These cases support the argument that the area is delegated entirely to the discretion of the NLRB.
Funds argue that this court should follow the decision in Railroad Maintenance Laborers’ Local 1274 Pension, Welfare and Educ. Funds v. Kelly R.R. Contractors, Inc., 591 F.Supp. 889, 895 (N.D.Ill.1984), in which former Chief Judge Moran found that the fundamental question at issue was who was bound by the contract and that therefore the court had jurisdiction to decide the case under § 301. Kelly, however, involved a successor corporation. Id. at 893. A successor corporation situation has different ramifications. In Kelly, a successive employer purchased the corporate assets and liabilities of a company that had entered into collective bargaining agreements with a union. Id. at 891. In such situations, there is no need to make a separate determination of the appropriate bargaining unit because there are no new or different employees. Therefore, the bargaining unit remains the same and there is no usurpation of the employees’ § 7 rights. Furthermore, there is no question as to the employer’s obligations under the collective bargaining agreement.
The situation in Kelly is clearly distinguishable from the one in the present case. Future Masonry is not a successor corporation. There is no evidence that the employ *371 ees of Future Masonry and Joe Cachey are identical. Thus there is a need to preserve the rights of the employees of Future Masonry to determine a proper representative of their own choosing. Moreover, as Judge Shadur in Willett stated, “nearly any collective-bargaining related issue can be cast in terms of breach of contract as opposed to unfair labor practice.” Willett, 614 F.Supp. at 937. The courts must ensure that they do not subvert the special status of the NLRB to determine representational issues.
Funds concede that the determination of the appropriate bargaining unit is to be made by the NLRB. Pis. Mem. Opp’n Mot. Dismiss at 1, 4, 10-11. Funds, however, argue that the agreement between Joe Cachey and Union is a NLRA § 8(f), 29 U.S.C. § 158(f), prehire agreement and that by definition such prehire agreements do not necessitate the determination of what constitutes an appropriate bargaining unit for the employees. A prehire agreement is a special term created by Congress and employed for use in the construction industry. Due to the temporary and transitory nature of the employment in the construction industry, Congress recognized that construction industry unions might not be able to establish majority support of its bargaining units. Jim McNeff, Inc. v. Todd, 461 U.S. 260, 266, 103 S.Ct. 1753, 1756-57, 75 L.Ed.2d 830 (1983). Thus, a valid § 8(f) prehire agreement is enforceable as to the signatory parties to that agreement without a showing of majority support for the union. Jim McNeff, 461 U.S. at 271-72, 103 S.Ct. at 1759. In Jim McNeff, the Supreme Court said that enforcement of monetary obligations of a pre-hire agreement against an employer prior to the agreement’s repudiation does not impact the rights of employees to select their own bargaining agent. Jim McNeff, 461 U.S. at 269, 103 S.Ct. at 1758. The Court reasoned that the district courts would be merely enforcing a contract into which an employer had entered. Id. The Court, however, limited its holding to the special needs of prehire agreements and stressed that the decision did not impact the right of employees to select their own bargaining agent and did not grant the union majority union status. Id. A fully binding collective bargaining agreement, however, is grounded on the union’s achievement of majority representation of the employees in the unit. Gould v. Lambert Excavating, Inc., 870 F.2d 1214, 1215 (7th Cir.1989).
Funds argue that this court should follow the Eleventh Circuit’s decision in International Bhd. of Elec. Workers, Local 613 v. Fowler Indus., Inc., 884 F.2d 551 (11th Cir.1989), cert. denied, 494 U.S. 1066, 110 S.Ct. 1783, 108 L.Ed.2d 785 (1990). The Eleventh Circuit in Fowler in reversing the district court’s decision went beyond the Supreme Court’s holding in Jim McNeff. The Eleventh Circuit determined that the district court had jurisdiction to hear the plaintiffs claim that a nonsignatory to a § 8(f) prehire agreement was contractually bound based on the single employer theory.' Id. at 556. The Fowler court declined to determine the appropriate collective bargaining unit on the basis the decision only required interpretation of the contract once the single employer issue was decided. Id. Funds argue that this reasoning should be followed.
This court notes, however, initially that Funds have not alleged the existence of a prehire agreement between Union and Joe Cachey in the second amended complaint. “Assertions made in a party’s brief, however, simply cannot substitute for allegations that should have been pled in that party’s complaint.” Westland v. Sero of New Haven, Inc., 601 F.Supp. 163, 166 (N.D.Ill.1985). Funds’ second amended complaint refers to the agreement between Union and Joe Cachey as a “collective bargaining agreement.” Furthermore, the agreement attached to Funds’ complaint as Exhibit “A” identifies itself as a “collective bargaining agreement.” There is no indication that a prehire agreement exists in this case. This court must rely on Funds’ second amended complaint. The complaint states that the agreement at issue is a collective bargaining agreement. Since there is no prehire agreement, to decide if Future Masonry and Joe Cachey are bound by the agreement for Future Masonry’s employees requires a determination of the appropriate bargaining unit for the employees.
*372 Second, even if this court was to find that the agreement between Union and Joe Cachey was a prehire agreement, this court would not follow the reasoning expressed by the Eleventh Circuit in Fowler. The Fowler court’s determination that the appropriate bargaining unit issue need not be addressed since it was a contract enforcement claim merely circumvents the real issue. As Judge Shadur in Willett stated, “nearly any collective-bargaining related issue can be cast in terms of breach of contract as opposed to unfair labor practice.” Willett, 614 F.Supp. at 937.
While a court may decide that two employers constitute a single employer, the decision whether to enforce the agreement on the nonsignatory employer’s employees is the critical issue. This decision will affect the employees of the nonsignatory employer who have not been able to voice their views as to whether or not they wish to be bound by the agreement. This court believes that a unit determination is necessary in order to protect the § 7 rights of employees of the non-signatory party. Employees of an employer who enters into a prehire agreement are still entitled to protection of their interests as provided in § 7 of the NLRA. Such a determination is best made by the NLRB to ensure that the entity which possesses the requisite standards and expertise makes such a decision. See South Prairie Constr. Co. v. Local No. 627, Int’l Union of Operating Eng’rs, 425 U.S. 800, 805, 96 S.Ct. 1842, 1844-45, 48 L.Ed.2d 382 (1976) (per curiam).
Furthermore, this court does not believe that it is appropriate to expand the holding of Jim McNejf in the manner Funds argument would require. The Supreme Court’s decision in Jim McNejf did not address a nonsignatory’s obligations under an unrepu-diated prehire agreement. The Court merely held that an employer may be obligated to abide by a prehire agreement into which it entered prior to a showing of majority support for the union. In Jim McNejf there was no question of who was bound by the prehire agreement nor was there an attempt to expand the unit beyond the employees of the signatory employer. In the present .ease, however, Future Masonry is not a party to any agreement with Union. What Funds seek as to Future Masonry is dependent on a determination that employees of a nonsigna-tory employer desire to be bound under an agreement, an issue on which Future Masonry’s employees have had no input.
The § 7 rights of employees of Future Masonry should not be dictated by judicial declaration. The courts should not usurp the role of the NLRB to make bargaining unit determinations. Merely claiming that the controversy really does not involve the determination of an appropriate bargaining unit avoids the essential issue. This court believes it may not ignore the delegation to the NLRB made by Congress. As Judge Shadur in Willett said, “[w]ere courts indiscriminately to determine all representational issues, they would subvert the [NLRB’s] special status under the [NLRA].” Willett, 614 F.Supp. at 937.
Whether Future Masonry and Joe Cachey are a single employer is not the ultimate issue in Funds’ count one. For this court to decide this claim and determine if both Joe Cachey and Future Masonry are bound by the agreements between Union and Joe Ca-chey, it would be necessary to determine the appropriateness of a bargaining unit. This decision is properly left to the exclusive expertise of the NLRB. Therefore, this court does not have jurisdiction over Funds’ claim that Joe Cachey and Future Masonry owe benefit contributions for Future Masonry employees. Accordingly, count one of Funds’ second amended complaint as to Joe Cachey and Future Masonry for Future Masonry employee contributions must be dismissed.
B. Section 502 and 515 of ERISA
Funds propose that this court has independent subject matter jurisdiction over this claim based upon §§ 502 and 515 of ERISA. This argument fails because of the inherent flaw that Future Masonry is not a party to the collective bargaining agreement between Union and Joe Cachey. Sections 502 and 515 jurisdiction is predicated upon there being an agreement by the employer to contribute to employee pension plans. Funds argue that in cases such as Central *373 States, S.E. & S.W. Areas Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148 (7th Cir.1989); Cement Masons’ Pension Fund, Local 502 v. Dukane Precast, Inc., 822 F.Supp. 1316 (N.D.Ill.1993); and Marine Terminal, Welfare Fund v. Tri-River Docks, Inc., No. 90 C 3461, 1992 WL 82389 (N.D.Ill. Apr.20, 1992), the courts have upheld jurisdiction under ERISA even though there was no enforceable collective bargaining agreement under § 301 of the LMRA. In each of these cases, however, there existed evidence of some other agreement or contract into which the union and the employer had entered and in which the employer had acknowledged an obligation to contribute to pension funds. In this ease, there is no assertion that Future Masonry has made any such agreement or contract with Union and Funds. There is no independent jurisdictional basis under ERISA to enforce pension obligations against a nonsignatory employer. Therefore, Funds may not support a claim that Joe Caehey and Future Masonry are liable for contributions for Future Masonry’s employees based upon §§ 502 and 515 of ERISA. Accordingly, count one of Funds’ secoi 1 amended complaint as to Joe Caehey and Future Masonry for Future Masonry employee contributions must be dismissed.

CONCLUSION

Based on the above stated reasons, Joe Cachey’s motion to dismiss count one of Funds’ second amended complaint is DENIED as to contributions for Joe Cachey’s employees and GRANTED as to Future Masonry’s employees and defendant Future Masonry’s motion to dismiss count one of Funds’ second amended complaint is GRANTED. The parties are strongly urged to discuss the settlement of this case. This case is set for report on status at 10:00 a.m. on December 17,1996.

. The purpose of § 515 of ERISA is to recover delinquent contributions. It provides that every employer who has promised to make contributions to a multiemployer plan pursuant to a plan or collective bargaining agreement must make such contributions. 29 U.S.C. § 1145.