116 F.3d 482
 156 L.R.R.M. (BNA) 3184
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALTA BATES CORP.; Alta Bates Medical Center, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and Office and
Professional Employees International Union, Local
29, AFL-CIO, Respondent-Intervenor.
and
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ALTA BATES CORP.; Alta Bates Medical Center, Respondents,
and Office and Professional Employees
International Union, Local 29, AFL-CIO,
Respondent-Intervenor.
and
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PATHOLOGY INSTITUTE, INC.; Respondent, and Office and
Professional Employees International Union, Local
29, AFL-CIO, Respondent-Intervenor.
 Nos. 96-70260, 96-70382 and 96-70383.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.**
Decided June 4, 1997.
 
 Before HUG, GOODWIN and HAWKINS, Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Three employers petition the court for review of an NLRB decision finding them a "single employer"; a unit of medical technologists an "appropriate bargaining unit"; and holding the employers obligated to bargain with the union. The NLRB petitions for enforcement of its bargaining order. We affirm the NLRB decision and grant enforcement of the order.
 
 
 3
 The Board's finding of single employer status is primarily a finding of fact. NLRB v. Big Bear Supermarkets No. 3, 640 F.2d 924, 928-29 (9th Cir.1980). We therefore affirm the Board if there is substantial evidence in the record to support its finding. See NLRB v. Carson Cable TV, 795 F.2d 879, 881 (9th Cir.1986). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is "more than a scintilla but less than a preponderance." Id.
 
 
 4
 To determine whether two separate entities are a "single employer," the Board considers four factors: (1) common ownership; (2) common management; (3) interrelation of operations; and (4) centralized control of labor relations. See South Prairie Construction Co. v. Local 627, Int'l Union of Operating Eng'rs, 425 U.S. 800, 802 n. 3 (1976), (quoting Radio Union v. Broadcast Service of Mobile. Inc., 380 U.S. 255, 256 (1965)).
 
 
 5
 To find a "single employer," all four factors need not be present. NLRB v. Don Burgess Const. Corp., 596 F.2d 378, 384 (9th Cir.1979). "Single employer status ultimately depends on all the circumstances of the case and is characterized by an absence of an arms length relationship found among integrated companies." Id., NLRB v. Big Bear Supermarkets No. 3, 640 F.2d at 928. The NLRB adopted the detailed findings of the ALJ in concluding that the three entities were a "single employer." We conclude that there is substantial evidence to support the decision of the NLRB.
 
 
 6
 We must affirm the Board's choice of a bargaining unit unless there has been an abuse of discretion. California Pacific Medical Center v. NLRB, 87 F.3d 304, 308 (9th Cir.1996). The Board need only choose an appropriate unit, but not necessarily the best unit. American Hospital Ass'n v. NLRB, 499 U.S. 606, 610 (1991). We also defer to the Board when it interprets its own rules. See NLRB v. Hudson Oxygen Therapy Sales Co., 764 F.2d 729, 733 (9th Cir.1985).
 
 
 7
 A unit is appropriate for bargaining when there is a "community of interest" among the employees, as evidenced by their skills, duties, and working conditions. Don Burgess, 596 F.2d at 386. Courts have approved continued union representation of units which have undergone changes similar to those that occurred in this case so long as "there was no essential change in the business that would have affected employee attitudes towards representation." See, e.g., Premium Foods, Inc. v. NLRB, 709 F.2d 623, 627 (9th Cir.1983) (no essential change in working conditions: same work, same plant, same equipment). Here, the medical technologists continued to work at laboratories on site at the Medical Center. The business and needs of the Medical Center had remained the same, and so in essence did the work of the medical technologists.
 
 
 8
 We conclude that the Board did not abuse its discretion in deciding that this unit of medical technologists was still an appropriate bargaining unit.
 
 
 9
 The Employers also argue that the unit is now inappropriate under 29 CFR § 103.30 (Health Care Rules). The Health Care Rules enumerate eight appropriate bargaining units for acute care facilities. 29 CFR § 103.30(a). The Rules also provide three exceptions: cases that present extraordinary circumstances; cases in which nonconforming units already exist; and cases in which labor organizations seek to combine two or more of the eight specified units. All parties agree that a unit of medical technologists is not one of the eight enumerated units. At issue is whether this unit of medical technologists is properly an "existing nonconforming unit."
 
 
 10
 Since 1986 the union had represented an employer wide bargaining unit of all of Pathology's medical laboratory technologists, including those who had worked for Pathology at the Medical Center's premises. When Pathology closed the medical Center it staffed its laboratory exclusively with Pathology's medical laboratory technologists. The NLRB reasonably concluded that this was an "existing nonconforming unit." We affirm the finding of the NLRB.
 
 
 11
 ORDER ENFORCED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3