**LAIDLAW WASTE SYSTEMS, INC.,
Petitioner, Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent,
Cross–Petitioner.**

Nos. 90–3232, 90–3574.

United States Court of Appeals,
Seventh Circuit.

Argued May 6, 1991.

Decided June 13, 1991.

Rehearing and Rehearing En Banc Denied
July 9, 1991.

Raymond M. Deeny, Glenn H. Schlabs, Sherman & Howard, Colorado Springs, Colo., for Laidlaw Waste Systems, Inc.

John C. Truesdale, Robert N. Herman, N.L.R.B., Aileen A. Armstrong, Collis Suzanne Stocking, N.L.R.B., Appellate Court, Enforcement Litigation, Robert N. Herman, N.L.R.B., Washington, D.C., Elizabeth Kinney, N.L.R.B., Region 13, Chicago, Ill., for N.L.R.B.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and WILL, Senior District Judge.[*]

EASTERBROOK, Circuit Judge.

The Teamsters union asked the National Labor Relations Board to conduct an election among the refuse truck drivers working for Laidlaw Waste Systems in Rolling Meadows, Illinois. Laidlaw replied that the Board should include truck mechanics in the unit. (Actually, both union and employer proposed that some additional workers such as helpers or truck washers be in the unit. We strip away details to focus on the nub of the dispute.) The Board's regional director concluded that the union's proposed unit is appropriate and directed the holding of an election, which the union won—but not by enough votes that the exclusion of the mechanics is immaterial. Laidlaw refused to bargain with the union, and the Board ordered it to do so. Laidlaw opposes this order, arguing that the Regional Director and Board erred in excluding mechanics from the unit.

Laidlaw believes that the Board has been unfaithful to its own rules. *Indiana Refrigerator Lines, Inc.*, 157 N.L.R.B. 539, 551 (1966), says that a unit containing both drivers and maintenance employees is "presumptively appropriate" and "may be viewed as an optimum unit." The Board established a unit of Laidlaw's drivers but not its maintenance employees. This departs from *Indiana Refrigerator Lines*, Laidlaw insists, without sufficient explanation. The Regional Director gave an explanation—in a footnote eight single-spaced pages long!—that Laidlaw believes pays insufficient attention to both the presumption and the facts.

■ As in most unit-determination cases, the facts may be read with different emphases, leading to different results. The Board stresses that the drivers and the mechanics at Laidlaw serve different functions, have different pay scales, and report to different supervisors. The employer emphasizes that the maintenance employees are licensed to drive the trucks and often take to the road, repairing equipment where it breaks down (one is even on the road full time); although the salary scales are different, they do not differ by much; their supervisors report to the same division chief. Drivers and mechanics, hourly employees all, share a community of inter-

[*] Hon. Hubert L. Will, of the Northern District of Illinois, sitting by designation.

est centered around their trucks. Both ways of looking at these facts have some merit, and any line will be arbitrary. That is why we emphasized in *Continental Web Press, Inc. v. NLRB*, 742 F.2d 1087, 1089 (7th Cir.1984), that the Board is free to apply just about any standard it wishes so long as it acts with reasonable consistency.

■ Laidlaw might have argued that the Board is consistent, but that the criteria of decision are flawed. Section 9(c)(5) of the Act, 29 U.S.C. § 159(c)(5), provides that the Board may not treat as controlling the extent of organization by employees. See also *NLRB v. Metropolitan Life Insurance Co.*, 380 U.S. 438, 441–42, 85 S.Ct. 1061, 1063, 13 L.Ed.2d 951 (1965). Section 9(c)(5) creates difficulties for both the Board and reviewing courts, because although the union's success in organization may not be "controlling", the Board may take it into account. Perhaps the practical effect of treating a driver-mechanic unit as "presumptively appropriate" when the union favors it, but not when the union proposes something else, is to give excessive weight to organization—for the union will propose the unit it has organized. Laidlaw does not pursue this line, however, but instead depicts the Board's decisions as chaotic rather than result-oriented.

Chaos there may be, but this is nothing new. Unit-determination decisions have been ad hoc since 1935. The Board promulgated rules to establish presumptive units for acute-care hospitals. See *American Hospital Ass'n v. NLRB*, — U.S. —, 111 S.Ct. 1539, 113 L.Ed.2d 675 (1991), holding these rules consistent with the Act. Even the hospital rules allow the Board to establish different units when the facts justify that choice; the Court relied on this discretion when sustaining the rules. *Indiana Refrigerator Lines* is not a rule of preference but an announcement that a driver-mechanic rule is "appropriate", and even that only "presumptively". *Indiana Refrigerator Lines* does not say, as the hospital rules do, that this is the unit presumptively to be used; there is a difference between being "appropriate" and being the unit that *must* be used unless there are unusual circumstances. Regional Director Kinney knew from *Indiana Refrigerator Lines* that she could recommend a driver-mechanic unit with confidence that the Board would approve. Her superiors have not instructed her to prefer this unit, however, but leave room for discretion, as the Board frequently does. E.g., *NLRB v. Precise Castings, Inc.*, 915 F.2d 1160 (7th Cir.1990) (sustaining the practice of leaving to regional directors the choice among ways to get information to workers who do not speak English).

Director Kinney concluded that the drivers are *an* appropriate unit, which is beyond serious dispute. There are other appropriate units, including the one Laidlaw proposed. When there is more than one, the Board may choose. *American Hospital Ass'n*, 111 S.Ct. at 1542; *Packard Motor Car Co. v. NLRB*, 330 U.S. 485, 491, 67 S.Ct. 789, 793, 91 L.Ed. 1040 (1947); *State Farm Mutual Automobile Insurance Co. v. NLRB*, 411 F.2d 356, 358 (7th Cir.1969) (in banc). The regional director's choice does not contradict any announced policy of the Board. It may well have promoted the workers' choice of representatives. Laidlaw believed (apparently correctly) that the mechanics would vote against representation by the Teamsters. After the Teamsters won the election in the unit from which the mechanics were excluded, the mechanics organized under the banner of a different union. The mechanics turned out to be, not anti-union, but anti-Teamsters (or perhaps anti-drivers). The drivers voted for the Teamsters, and Laidlaw must bargain with their chosen representative. The Board's order to do so is

ENFORCED.