NATIONAL LABOR RELATIONS BOARD, Petitioner Cross–Respondent,

and

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Local 705, AFL–CIO, Intervener,

v.

OFFICE DEPOT, INC., Respondent Cross–Petitioner.

Nos. 01–1865, 01–2079.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 30, 2001.

Decided Feb. 19, 2002.

Before EASTERBROOK, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

On February 29, 2000, the International Brotherhood of Teamsters, Local 705 ("Union"), petitioned the National Labor Relations Board ("Board") for the right to represent certain Office Depot employees working in Office Depot's Carol Stream, Lansing, and Rockford, Illinois facilities. Office Depot's Carol Stream facility is a Customer Service Center ("CSC"), which ships products to business customers. The Union sought to create a bargaining unit consisting of the Transportation Department located at this facility as well as at the satellite facilities in Lansing and Rockford. Specifically, the proposed bargaining unit consisted of all full-time and part-time truck drivers, known as Delivery Service Representatives ("DSRs"), those who train the drivers and coordinate daily shipments and those who ride along with the drivers and fill out the paperwork associated with each delivery.

After a hearing in March 2000, the Board certified the bargaining unit in April and elections were held in May. Though the employees voted for Union representation, Office Depot refused to deal with the Union. The Union filed an Unfair Labor Charge with the Board, and the Board found that Office Depot had unlawfully refused to deal with the Union in violation of Sections (8)(a)(1) and (5) of the National Labor Relations Act. 29 U.S.C. §§ 158(a)(1) and (5). The Board then filed this application for enforcement of its order.

In justifying its refusal to deal with the Union, Office Depot contends that (1) the bargaining unit selected by the Union and approved by the Board was under-inclusive and over-inclusive and (2) that planned changes in its own operations would fundamentally alter the nature of the DSRs' jobs, disrupting the bargaining unit's community of interest and rendering the composition of that unit inappropriate. Thus, Office Depot argues that the Board's certification of the bargaining unit was inappropriate and that the Union's petition for certification was premature.

### A. Unit Determination

Office Depot faces an uphill battle when challenging the Board's certification of the composition of the bargaining unit. *See Dunbar Armored, Inc., v. NLRB*, 186 F.3d 844, 847 (7th Cir.1999). Bargaining unit determinations are firmly committed to the Board's discretion. *Dunbar*, 186 F.3d at 847 (citing 29 U.S.C. § 159(b)). The Board's decision, "if not final, is rarely to be disturbed." *South Prairie Construction Co. v. Local No. 627, International Union of Operating Engineers, AFL–CIO*, 425 U.S. 800, 805–06, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976). "While the Board's chosen unit must be appropriate, it need not be the only nor even the most appropriate unit." *American Hospital Assoc. v. NLRB*, 499 U.S. 606, 610, 111 S.Ct. 1539, 113 L.Ed.2d 675 (1991). It is not enough for the employer to suggest a more suitable unit; it must show that the Board's unit is clearly inappropriate. *Dunbar*, 186 F.3d at 847 (quoting *NLRB v. Aaron's Office Furniture*, 825 F.2d 1167, 1169 (7th Cir.1987). Since Office Depot has not made these showings, its challenge to the Board's determination must fail.

Office Depot has not shown that the Board's determination was inappropriate or an abuse of discretion. It has merely offered alternatives to the Board's determination that it claims are more ap-

propriate. Office Depot argues that the unit is under-inclusive because too few employees from the Carol Stream facility are included and because its satellites located in St. Louis and Milwaukee should also be included. Office Depot cites to a few past decisions of the Board to support its arguments, but "given the fact-finding nature of the unit determination, the Board's previous decisions do not become hard and fast rules, and the Board is afforded some leeway in applying its announced standards to the unique facts of each case." *Dunbar*, 186 F.3d at 848 (citing *Laidlaw Waste Systems, Inc. v. NLRB*, 934 F.2d 898, 899 (7th Cir.1991). Furthermore, even if the alternatives suggested by Office Depot are appropriate, Office Depot has not shown why the bargaining unit, certified by the Board, which consists of employees Office Depot itself molded into a separate department within Carol Stream and other facilities, is inappropriate or unreasonable. The Board found that because of the separation between facilities and the substantial community of interest in the DSRs and their helpers a separate bargaining unit was needed. When there is more than one appropriate unit, the Board may choose. *Laidlaw*, 934 F.2d at 900.

## B. Timeliness of Union's Petition

■ Office Depot next contends that the Board should have dismissed the Union's petition as untimely. According to Office Depot, it was going to implement changes that would alter the role the DSRs would play in delivering products to customers. Since the DSRs would have a different role, Office Depot argues that the nature of the bargaining unit would be fundamentally altered, making the Union's petition untimely.

■ While it is true that the Board should dismiss a petition as untimely if the requested unit is "expanding in size and/or changing in its basic character to such an extent that the present complement of employees is not substantial and representative in relation to that projected for the reasonably foreseeable future," *K–P Hydraulics Co. v. United Electrical*, 219 N.L.R.B. 138, 138 (1975), this case does not require such a result. The Board acted well within its discretion in finding that Office Depot's purported changes were speculative and that those changes, if implemented, would not fundamentally alter the unit's community of interest.

■ First, "a unit determination must depend on the present duties of the employees, not on speculation as to future changes in work assignments." *Missouri Beef Packers, Inc.*, 197 N.L.R.B. 176, 180 (1972). Office Depot had done little by the March 2000 hearing to demonstrate that the proposed changes had or would fundamentally alter the nature of the bargaining unit. When the Board filed its Petition for Enforcement with this Court in April 2001, Office Depot could not point to any implemented changes in support of its argument.

Second, the Board acted well within its discretion in finding that the proposed changes, even if implemented, would not fundamentally alter the unit's community of interest. The main changes highlighted by Office Depot include (1) changing the departure point of the DSRs from the Carol Stream CSC to the retail stores themselves and (2) requiring the DSRs to load their trucks themselves. While these changes may alter the day-to-day job of the DSRs, the Board's decision that such changes would not be fundamental was not an abuse of its discretion.

For these reasons the order of the National Labor Relations Board is enforced.