Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 12, 2004        Decided June 11, 2004

No. 03-1161

STANFORD HOSPITAL AND CLINICS,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,
INTERVENOR

———

Consolidated with
03-1192

———

On Petition for Review and Cross–Application
for Enforcement of an Order of the
National Labor Relations Board

———

*Laurence R. Arnold* argued the cause for petitioner. With him on the briefs was *John H. Douglas*.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Kira Dellinger Vol*, Attorney, National Labor Relations Board, argued the cause for respondent. With her on the brief were *Arthur F. Rosenfeld*, General Counsel, *John H. Ferguson*, Associate General Counsel, *Aileen A. Armstrong*, Deputy Associate General Counsel, and *David Habenstreit*, Supervisory Attorney.

*David A. Rosenfeld* was on the brief for intervenor. *John H. Douglas* and *Laurence R. Arnold* entered appearances.

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Stanford Hospital and Clinics petitions for review of an order of the National Labor Relations Board, which held the petitioner violated §§ 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (5), by refusing to provide information to the Service Employees International Union, Local 715, and by refusing to bargain with the Union regarding 11 housekeepers working at a facility not specifically identified in the collective bargaining agreement (CBA) as part of the bargaining unit. The Board cross-petitions for enforcement of the order, which was predicated upon its prior order granting the Union's petition for unit clarification and accreting the 11 housekeepers to the bargaining unit. Because the Board should have dismissed the unit clarification petition as untimely pursuant to *Wallace–Murray Corp.*, 192 NLRB 1090 (1971), we grant Stanford Hospital's petition for review and vacate the Board's order.

## I. Background

Stanford Hospital and Clinics (Stanford Hospital) operates the Stanford Hospital, the Lucile Packard Children's Hospital, and several inpatient and outpatient clinics. The Housekeeping Department of Stanford Hospital provides housekeeping services not only at Stanford Hospital's own facilities,

but also at facilities operated by Stanford Medical School, which is a separate legal entity.

In August 1998 the Union filed a petition with the Board seeking certification as the bargaining representative of "all full-time, and regular part-time Service and Maintenance employees of [Stanford Hospital] employed at the Stanford Hospital facility . . . and the Lucille [sic] S. Packard Children's Hospital facility." The next month Stanford Hospital and the Union entered into a Stipulated Election Agreement in which they defined the bargaining unit to include all housekeepers (among others) at the Employer's "Stanford Hospital, Lucile Salter Packard Children's Hospital, Welch Road, and Blake–Wilbur Drive, Palo Alto, California locations, . . . excluding . . . all other employees."

As required by *Excelsior Underwear, Inc.*, 156 NLRB 1236 (1966), Stanford Hospital provided the Union with the names and addresses of all eligible voters in the bargaining unit. Stanford Hospital inadvertently included in the *Excelsior* list several housekeepers who did not work at a listed facility and were therefore not in the bargaining unit; those employees voted in the representation election as a result of this. The Union won the election, and the Board certified the Union as the collective bargaining representative of all housekeepers at the locations listed in the Stipulated Election Agreement, again "excluding . . . all other employees."

Stanford Hospital and the Union began to bargain in March 1999. The Union proposed in March and again in June that the bargaining unit be defined in the CBA to include "all employees who are employed at the Employer's existing and future facilities, to the extent permitted by law." Both times Stanford Hospital rejected this proposal.

In November 1999 Stanford Hospital and the Union entered into a CBA with a term of two years. In the recognition clause Stanford Hospital recognized the Union "as the sole and exclusive representative for the purpose of collective bargaining" for all housekeepers employed at the same list of locations as appeared in the Stipulated Election Agreement, again "excluding all other employees."

In April 2000 Stanford Medical School opened the Center for Clinical Science and Research (CCSR). Stanford Medical School contracted for Stanford Hospital to provide housekeeping services at the CCSR, and in May Stanford Hospital hired 11 housekeepers to work at the new facility.

In August the Union filed with the Board a unit clarification petition seeking to include within the bargaining unit the CCSR 11. The Regional Director of the Board granted the Union's petition and the Board affirmed his decision in September 2002.

The Union then asked Stanford Hospital to bargain, and to provide information, regarding the 11 newly accreted housekeepers. Stanford Hospital refused both requests, and the Union filed an unfair labor practices charge against it. The Board held Stanford Hospital had violated §§ 8(a)(1) and (5) of the NLRA by unlawfully refusing to provide information to, and to bargain with, the Union concerning the 11 housekeepers at the CCSR. The Employer now seeks review, and the Board seeks enforcement, of that decision.

## II.   Analysis

Stanford Hospital argues the Board should have (1) dismissed the unit clarification petition as untimely, or (2) if it was not untimely, then denied the petition for want of substantial evidence the CCSR housekeepers met the criteria for accretion to the bargaining unit. Our review is limited to determining whether the Board's findings of fact are supported by substantial evidence and, if so, whether the Board acted arbitrarily or otherwise erred in applying established law to the facts of the case. *See Cmty. Hosps. of Cent. Ca. v. NLRB*, 335 F.3d 1079, 1082–83 (D.C. Cir. 2003). Although we defer to the Board's judgment regarding the proper scope of a bargaining unit, *see South Prairie Constr. Co. v. Int'l Union of Operating Eng'rs, Local 627*, 425 U.S. 800, 805–06 (1976), we do not owe any deference to the Board's interpretation of a CBA. *See Commonwealth Communications v. NLRB*, 312 F.3d 465, 468 (D.C. Cir. 2002).

* * *

Stanford Hospital argues that under the long-standing *Wallace–Murray* doctrine the Board should not have entertained the Union's petition to clarify the bargaining unit. *See Wallace–Murray*, 192 NLRB at 1090. In that case the Board held that during the term of a CBA, "it will not serve the purposes of the Act to use . . . the unit clarification petition to modify a unit which is clearly defined in the current bargaining agreement." *Id.* The *Wallace–Murray* doctrine is based upon "the rationale that, where the parties have reached a contract, it would be disruptive for the Board to change that contract midterm." *Edison Sault Elec. Co.*, 313 NLRB 753, 754 (1994). Because the Union's petition for unit clarification was filed during the term of the CBA, the lawfulness of the Board's decision to entertain the petition depends upon whether the CBA "clearly defined" the bargaining unit.

The Board argues the representation clause of the CBA is "facially ambiguous with respect to the unit status of employees in future facilities," such as the 11 housekeepers employed at the CCSR. More specifically, the Board maintains the CBA is "silent regarding employees at *future* facilities" because the phrase "excluding all other employees" does not indicate whether it "encompasses possible future employees or refers only to those in then-existing jobs." (Emphasis in original). For its part, Stanford Hospital argues the representation clause is not ambiguous because it "explicitly described the few Stanford Hospital locations" at which employees were included in the bargaining unit and "explicitly excluded 'all other employees' "; in other words, "all other employees" means "all other employees, present and future."

As we read it, the representation clause of the CBA clearly excludes the 11 housekeepers from the bargaining unit. Although the parties to the CBA did not give the representation clause an explicit temporal dimension by using terms such as "future" or "present," they did "exclud[e from the unit] . . . all other employees" than those employed in the listed facilities; the 11 employees in dispute do not work at a listed facility. Q.E.D.

The only temporal limitation upon the scope of the bargaining unit as defined is the two-year term of the CBA: For two years "all other employees" — present and future — if not explicitly included, were excluded from the bargaining unit; thereafter the scope of the bargaining unit was subject to negotiation.

Turning from the temporal to the spatial dimension, the Board argues the "mere mention of a specific location in the recognition clause of a [CBA,] without more, does not constitute an unambiguous geographic limitation precluding accretion of employees from new locations into the unit." *See Westwood Imp. Co.*, 251 NLRB 1213, 1223 (1980). This would be a telling point in the appropriate case; an employer cannot escape its contractual commitments to a union merely by changing its address. That was the nub of the issue in *Westwood Import* and the cases cited therein. Here, however, the reference in the representation clause was not to the Employer's business at a single facility at a specific address or in a general geographic area, such as "San Pedro, California, and vicinity"; it was to three facilities specifically selected from the several inpatient and outpatient clinics operated by Stanford Hospital. Those three facilities were listed in the representation clause while others — such as the Hoover Pavilion facility — were not listed, with the clear and express purpose of including within the bargaining unit only the eligible employees working at the named facilities and excluding "all other employees."

Finally, the Board argues the parties' application of the CBA to the housekeepers who were erroneously allowed to vote in the representation election, but were not employed at a facility within the bargaining unit as defined in the representation clause of the CBA, "undermines any reading of the clause's enumeration of the three hospital facilities as delineating the geographic scope of the unit." *See Colon Velez v. Puerto Rico Marine Mgmt., Inc.*, 957 F.2d 933, 939 (1st Cir. 1992) (parties may include employees in bargaining unit by *de facto* practice as well as through contractual language). Stanford Hospital responds that apart from the inadvertent accretion of those errant voters "purely by mistake on [its] part,"

the "geographic limitations of the unit have been observed" and, therefore, the representation clause of the CBA still governs the scope of the bargaining unit.

The inclusion in the bargaining unit of the individual employees who were inadvertently allowed to vote in the representation election does not undermine the clear exclusion of "all other employees" from the bargaining unit in the representation clause. A single deviation — undisputedly inadvertent — does not constitute a course of dealing sufficient to render the representation clause ambiguous. *See Quick v. NLRB*, 245 F.3d 231, 247 (3d Cir. 2001) (evidence of one occasion "is not evidence of 'past practice' "); *see also Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 783 (2d Cir. 2003) (single act "is not a course of performance sufficient to demonstrate mutual assent" to modification of agreement); U.C.C. § 2–208 cmt. 4 ("single occasion of conduct" does not establish course of performance); RESTATEMENT (SECOND) OF CONTRACTS § 202(4) cmt. g. In this regard we think it significant that non-voting employees who worked in otherwise eligible classifications at the very locations where the grandfathered employees worked were not included in the bargaining unit.

We conclude the order accreting the 11 housekeepers at the CCSR was arbitrary and capricious because it contravened the Board's established policy against entertaining a petition for unit clarification where the bargaining unit is "clearly defined" in the CBA. Instead of entertaining the Union's petition, the Board should have dismissed it as untimely. *See Consol. Papers*, *Inc. v. NLRB*, 670 F.2d 754, 757 (7th Cir. 1982).

## III. Conclusion

For the foregoing reasons, we grant Stanford Hospital's petition for review and deny the Board's cross-petition for enforcement.

*So ordered.*