**DETROIT NEWSPAPER AGENCY, d/b/a Detroit Newspapers, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 04–1439, 05–1013.

United States Court of Appeals, District of Columbia Circuit.

Feb. 7, 2006.

Robert M. Vercruysse, Bernice McReynolds, William Edward Altman, Vercruysse Murray & Calzone, Bingham Farms, MI, for Petitioner.

Robert J. Englehart, Arthur F. Rosenfeld, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Meredith L. Jason, Daniel Arthur Blitz, Jane Ballenger Socoloff, Washington, DC, for Respondent.

Before: GINSBURG, Chief Judge, RANDOLPH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM

This appeal was considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the Detroit Newspaper Agency's petition for review be denied, and that the order of the Board be enforced in full.

The Detroit Newspaper Agency contends the NLRB erred in holding it violated sections 8(a)(1) and (a)(3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (a)(3), by disciplining and discharging employees Douglas McPhail, Michael Youngmeier, Gary Rusnell, and Larry Skewarczynski. Our review "is limited to determining whether the Board's findings of fact are supported by substantial evidence" in the record as a whole, and if so, "whether the Board acted arbitrarily or otherwise erred in applying established law to the facts" of this case. *Stanford Hosp. & Clinics v. NLRB*, 370 F.3d 1210, 1212 (D.C.Cir.2004).

The Board's findings are supported by the testimony of multiple witnesses, as well as by other direct evidence. Although the DNA argues the Board applied an incorrect legal standard under which it evaluated the success, not the coercive tendency, of the employees' activities and used police intervention to "excuse[ ]" employees' misconduct, the Administrative Law Judge's decision, which the Board adopted, properly identified and applied the test set forth in *Clear Pine Mouldings, Inc.*, 268 N.L.R.B. 1044, 1984 WL 36067 (1984). *See also Va. Holding Corp.*, 293 N.L.R.B. 182, 217, 1989 WL 223891 (1989) (employees' participation in picket disrupting traffic not "of itself particularly serious misconduct"). Furthermore, Mr. Skewarczynski's activity was not so serious as to require the Board, under its precedents, to conclude he engaged in unprotected activity.

The DNA does not contest the Board's findings regarding employees Floyd Davis, Jr., Anthony Edwards, Steven Montagne, and Harry Thompson. Accordingly, we grant the Board's petition for summary enforcement of its order regarding these employees.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.